**Diane Ellen GOEMAN, Respondent,**

v.

**George Alan GOEMAN, Appellant.**

**No. WD 45249.**

Missouri Court of Appeals,
Western District.

July 7, 1992.

William M. Quitmeier, Quitmeier & Ralls, P.C., Kansas City, for appellant.

David Sexton, Kansas City, for respondent.

Before SHANGLER, P.J., and KENNEDY and SMART, JJ.

SMART, Judge.

Diane Goeman appeals from a dissolution of marriage decree. The only issue presented on appeal is whether the trial court had jurisdiction over this divorce action. Mrs. Goeman argues that the trial court lacked subject matter jurisdiction because George Goeman did not reside in Missouri for ninety days prior to filing his petition as set forth in § 452.305, RSMo 1986. The judgment of dissolution is vacated.

Mr. and Mrs. Goeman were married on April 9, 1958, in New York City. They lived the last ten years of their marriage in California. The Goemans' date of separation is disputed. Mr. Goeman claims that they separated in July of 1987. Mrs. Goeman claims they lived in California as husband and wife until July 15, 1990.

Mr. Goeman worked for TWA and traveled to the Kansas City area on April 2, 1990. He stayed at a Holiday Inn in Kansas City for one week. On April 9, 1990, he was assigned to a project in California for one month. Mr. Goeman then was assigned to London from May 8 to June 1. He returned to California from London and drove with his wife to El Paso, Texas. On June 11, 1990, he returned to Platte City where he rented an apartment (paying his rent deposit out of a California account) and lived there for approximately two months before he filed this action for dissolution of marriage on August 20, 1990. Mrs. Goeman remained in California. On September 26, 1990, she filed an answer and cross petition. On March 4, 1991, Mrs. Goeman filed a motion to dismiss for lack of subject matter jurisdiction, which was denied.

Mrs. Goeman did not appear at the trial, which occurred in July, 1991. At the time

of the trial, Mr. Goeman stated his address was an apartment in Colton, California. Mr. Goeman testified that he remained in Missouri for approximately four months after renting an apartment (about two of which would have been *after* the petition for dissolution was filed). At that time he returned to California. Mr. Goeman also stated that he paid Missouri income tax and Kansas City earnings tax in 1990. The trial court granted Mr. Goeman a dissolution of marriage on July 23, 1991.

■ Mrs. Goeman's sole contention on appeal is that the trial court lacked subject matter jurisdiction to dissolve the Goemans' marriage. Based on an extensive review of all the facts and circumstances involved in this case, this court holds that the trial court lacked subject matter jurisdiction to enter a decree of dissolution because the evidence does not show that Mr. Goeman "resided" in Missouri for ninety days prior to August 20, 1990, the date of the filing of his petition, as the term "resided" is defined through case law interpreting § 452.305, RSMo 1986.

■ This court has the duty to review both the law and the facts contained in this case and draw its own conclusions. *Phelps v. Phelps*, 241 Mo.App. 1202, 246 S.W.2d 838, 841 (1952). It is a well established principle that a dissolution of marriage decree is void for lack of subject matter jurisdiction if it is entered in a state in which neither of the parties to the action are domiciled at the commencement of the action. *Trumbull v. Trumbull*, 393 S.W.2d 82, 90 (Mo.App.1965). One court pronounced the importance of this principle by stating:

> Dissolution of a marriage is a matter of such grave concern, not only to the parties directly involved but also to their children and the public generally, that no court should ever undertake to assume jurisdiction of a divorce case upon doubtful or uncertain evidence concerning the requirements necessary to give it such jurisdiction. *Bryant v. Bryant*, 232 S.W.2d 199, 205 (Mo.App.1950).

■ Section 452.305.1 states that a decree of dissolution shall be entered by the circuit court if "[t]he court finds that one of the parties has been a resident of this state ... for ninety days next proceeding the commencement of the proceeding...." The issue of residency in Missouri as set forth in § 452.305 is "a jurisdictional fact which must be pleaded and proved." *Berry v. Berry*, 620 S.W.2d 456, 457 (Mo.App. 1981). Missouri cases generally hold that the term "residence" as used in § 452.305 is equivalent to "domicile." *Scotton v. Scotton*, 359 S.W.2d 501, 506 (Mo.App. 1962). To establish residence in Missouri, a plaintiff must show "actual personal presence in the new place *and the intention to remain there, either permanently or for an indefinite time, without any fixed or certain purpose to return to the former place of abode.*" *Id.* at 507 (emphasis added).

■ In determining whether a party has the requisite intent to remain either permanently or for an indefinite period of time, the court should consider the acts and utterances of the person, specifically, the "declarations of the person and the acts made before, at, and after the time the domicile is in dispute." *Trumbull*, 393 S.W.2d at 91. The required intent cannot be based upon a temporary purpose. *Id.* In *Trumbull*, the court stated:

> 'A person cannot live in one place and by force of imagination constitute some other his place of abode; ... the actual place of residence controls, and *one cannot be improvised by merely forming an intention to claim it elsewhere.*' One cannot through a mere mental gymnastic fix in his mind a place of residence to serve a temporary advantage and when the advantage has been consummated, by the same mental gymnastic, reverse his intention as to residence.

*Id.* (emphasis in original). The duration of the bodily presence in the state is of little importance as long as intent has been established by other evidence. If there is an absence of evidence showing a party's intent, the period of time of actual physical presence in the state becomes an important fact for determining the intention of the party.

In the present case, Mr. Goeman presented evidence of his change of domicile which is best characterized as doubtful and uncertain. He answered "yes" when asked whether he had "resided" in Kansas City for 90 days prior to the filing of the petition. It was clear he considered April 2 the beginning of the period of residency. However, there was no evidence in Mr. Goeman's pretrial affidavit or adduced at trial *that when he came to Kansas City on April 2, 1990, he had the specific intent to remain permanently or for an indefinite period of time.* The record lacks any affirmative statement of intention by Mr. Goeman in respect to his Missouri domicile on April 2, 1990. Mr. Goeman's testimony that he had "resided" in Missouri for ninety days prior to filing for divorce does not necessarily establish that on April 2, 1990, he had the intent to remain in Missouri, particularly in the face of facts (such as the short period of time he maintained an apartment in Missouri) which appear inconsistent with an intent to establish a domicile here. The legal definition of "residency" does not necessarily correspond to other uses of the term. Without testimony as to his intent, the court has no way of knowing what sense of "residency" was intended by Mr. Goeman in his statement of residency. Since the record lacks any evidence illustrating Mr. Goeman's *intent* to make Missouri his place of domicile, this court must give due consideration to the short period of time spent in Missouri, and the fact that Mr. Goeman admits that he left Missouri within a month after an answer was filed by Mrs. Goeman.

After reviewing the facts, circumstances, proceedings, acts and statements of Mr. Goeman, this court reaches the conclusion that Mr. Goeman failed to show that on April 2, 1990, when Mr. Goeman spent a week at a hotel in Kansas City while here on a business assignment, he had the intention to remain here either permanently or for an indefinite period of time. It may be that Mr. Goeman filed this action in Missouri because he sought a more favorable judicial climate than he would have found in the State of California, which is a community property state. Given the bareness of the record [1] supporting the proposition that Mr. Goeman intended to make Missouri his domicile, the lack of specific testimony of intent, and the motive for forum shopping, this court holds that the trial court lacked subject matter jurisdiction over this action. The judgment must be vacated.

The judgment is vacated. The case is remanded to the trial court with instructions to dismiss the action for lack of subject matter jurisdiction.

All concur.

---

1. The record is silent as to many facts which might have shed much more light on Mr. Goeman's intent, such as 1) the nature of his one week assignment in Kansas City in April; 2) the things he was told by his employer concerning future travels and assignments; 3) why he returned to California instead of Kansas City when he left London; 4) whether he opened any bank accounts in Missouri; 5) whether he registered a car or registered to vote in Missouri; 6) with regard to the Missouri income tax and Kansas City earnings tax, whether these were withheld by TWA and unclaimed by Mr. Goeman, or whether he actively filed any return; 7) why he left Missouri within two months after filing his petition for divorce; 8) and whether he was actually resident in the apartment he leased, or whether he was "on the road" during that time.