John Michael Ross **KLINDT**, Appellant,

v.

Christina Renee **KLINDT**, Respondent.

No. WD 49271.

Missouri Court of Appeals,
Western District.

Dec. 13, 1994.

John W. Gannan, Independence, for appellant.

Roscoe E. Moulthrop, Jr., Bethany, for respondent.

Before HANNA, P.J., and
BRECKENRIDGE and SMART, JJ.

PER CURIAM.

John Michael Ross Klindt appeals from the trial court's order dismissing his petition for dissolution of marriage for lack of subject matter jurisdiction. Mr. Klindt claims the trial court erred in determining that it lacked jurisdiction on the basis that he failed to meet the residency requirements set forth in § 452.305.1, RSMo 1986.[1] Reversed and remanded.

Mr. Klindt was born and raised in Bethany, Missouri. He graduated from high school in Bethany and attended a technical school in Linn, Missouri. After graduating, he worked briefly in Bethany before moving to St. Louis to take a job with McDonnell Douglas. In December 1991, he married Christina Renee Klindt in Bethany. One child was born of the marriage in June 1992. The couple lived in the St. Louis area until September 1992 when Mr. Klindt was laid off from his job at McDonnell Douglas. The family then moved back to Bethany where they lived until the end of January 1993. In February 1993, Mr. Klindt accepted employment with Domino's Pizza in Minnesota. Mr. Klindt moved his family to Minnesota where they remained approximately three months until May 1993. While in Minnesota, Mr. Klindt was offered a position with Poppa

---

1. All statutory references are to the Revised Missouri Statutes 1986, unless otherwise indicated.

John's Pizza in Georgia which he accepted. The Klindts spent a couple of weeks in Missouri with relatives upon leaving Minnesota. In July 1993, Mr. Klindt moved to Georgia where he stayed with friends. During this time, Mrs. Klindt and their daughter stayed with relatives in Tennessee while Mr. Klindt looked for an apartment. In August 1993, Mrs. Klindt and the child went to stay with Mr. Klindt in Georgia. In October 1993, Mrs. Klindt and the child returned to Tennessee. In December, the Klindts decided to separate. In January 1994, Mr. Klindt filed a petition in circuit court in Harrison County seeking dissolution of his marriage. Mr. Klindt moved to Missouri shortly thereafter. Mrs. Klindt filed a motion to dismiss the petition for lack of subject matter jurisdiction and filed for divorce in Georgia. The dissolution action filed in Georgia has been stayed pending the outcome of this appeal. The circuit court granted the motion and dismissed the petition. Mr. Klindt appeals the dismissal.

Mr. Klindt presents two points on appeal. In his first point, Mr. Klindt contends that the trial court erred in dismissing his petition for dissolution of marriage for lack of subject matter jurisdiction. Specifically, Klindt argues that the trial court misapplied the law in determining that he was required to be physically present within the state of Missouri for ninety days preceding the filing of the petition for dissolution in order to meet the residency requirements set forth in § 452.305.[2]

In its order sustaining the motion to dismiss, the trial court found that Mr. Klindt was residing in Georgia at the time the petition for dissolution was filed and that his last extended residence in Missouri ended in February 1993. The court further found that Missouri law requires a showing of "actual personal presence" in this state combined with an intent to remain in the state either permanently or for an indefinite time. In determining that it lacked subject matter jurisdiction, the court concluded that although the evidence indicated that Mr. Klindt intended to move back to Missouri at the time the petition was filed, he failed to meet the residency requirements set forth in § 452.305 because he did not physically reside in Missouri for ninety days prior to filing the petition.

Mr. Klindt claims the trial court erred in determining that since he was living in Georgia at the time the petition for dissolution was filed, he was no longer a Missouri resident within the meaning of § 452.305. In reaching its decision, the court relied on *Goeman v. Goeman*, 833 S.W.2d 476 (Mo.App. 1992). In *Goeman*, the wife appealed from the trial court's decree of dissolution of marriage on the ground that the trial court lacked subject matter jurisdiction because the husband did not meet the residency requirements set forth in § 452.305. In that case, the husband filing the petition had no prior history of having his domicile in Missouri. The couple had been married in New York and had lived in California for the last ten years of their marriage. The husband had traveled to Kansas City for one week on business and then a month or so later rented an apartment in Platte City, which he maintained for approximately two months prior to filing the petition for dissolution. He claimed that during the first week he was in Missouri on business, he formed the intent to make Missouri his domicile. But he did not physically have a place of abode in Missouri until he came back and rented an apartment. There was an inference of "forum shopping" from the fact that the laws of Missouri would have proven more favorable to Mr. Goeman than the community property laws of California. Two months after filing his petition, the husband vacated the apartment and returned to California. The court held that, despite his testimony concerning his intention, Mr. Goeman did not meet the residency requirement since he did not live in Missouri at the time he says he formed the intent to change

2. Section 452.305 provides, in pertinent part: 1. The circuit court shall enter a decree of dissolution of marriage if
(1) The court finds that one of the parties has been a resident of this state ... for ninety days next preceding the commencement of the proceeding and that thirty days have elapsed since the filing of the petition....

his domicile, which was more than 90 days before filing the petition.

■ Under Missouri law, a person's "residence" or "domicile" is established by an intention to live at a place permanently, or for an indefinite time, combined with "actual bodily presence" in that place, though it is unnecessary that actual presence be continuous. *Sharp v. Sharp*, 416 S.W.2d 691, 695 (Mo.App.1967). To determine whether a party has the requisite intent to remain at a place either permanently or for an indefinite period of time, the court should consider "the acts and utterances of the person, specifically, the 'declarations of the person and the acts made before, at, and after the time the domicile is in dispute.'" *Goeman*, 833 S.W.2d at 478 (quoting *Trumbull v. Trumbull*, 393 S.W.2d 82, 90 (Mo.App.1965)). The requisite intent "cannot be based upon a temporary purpose." *Id.* In order to effectuate a change of domicile, the evidence must show "actual physical presence" in the new place as well as a "present intent to remain there, either permanently or for an indefinite period of time without any fixed or certain purpose to return to the former place of abode." *Edwards v. Edwards*, 709 S.W.2d 165, 168 (Mo.App.1986). Mere temporary absence from the domicile state without any intention of remaining away and adopting a new residence does not cause a person to lose his residence in that state. *Scotton v. Scotton*, 359 S.W.2d 501, 507 (Mo.App.1962). The dispositive issue in this case is whether there is evidence from which the trial court could find that Mr. Klindt ever lost his Missouri domicile by moving to another state at the same time as he had the intention to make the new location his permanent or indefinite home. If there was no such evidence, then we must reverse the trial court.

■ In this case, the record shows that Mr. Klindt has been a lifelong resident of Missouri, having lived in this state for over twenty-five years. In 1993, Mr. Klindt left this state on two occasions for several months to accept employment. He was out of the state on the two ventures for a total of about nine or ten months. Mr. Klindt testified that he intended to permanently reside in this state. He testified he took the job in Minnesota only because he was unemployed and could not find work at that time in the Bethany area. He testified that he even informed his new employer it would be temporary. He also testified that he took the job in Georgia with the understanding that the same company would later open a plant or office in Missouri and that he would move back at that time. Even when residing out of Missouri, he maintained his vehicle registration in Missouri and insured his vehicle in Missouri. He paid personal property and income taxes in Missouri. He maintained his driver's license in Missouri. In November 1993, while living in Georgia, Mr. Klindt testified he returned briefly to Missouri to engage in hunting, and also to seek employment. While in Missouri, Mr. Klindt registered with a local job service organization and applied for various jobs. Several months later, in February, 1994, after filing for dissolution, he moved back to Missouri, where he has since been employed. The record also shows that Mr. Klindt left some of his personal property in Missouri while he was absent from the state. Mrs. Klindt's testimony, in contrast, was that while living out of Missouri, Mr. Klindt expressed an intention not to return to Missouri.

■ In reviewing the trial court's decision, we must consider all of the evidence supporting the decision, and consider it in a light favorable to the decision. We have carefully reviewed the testimony of Mrs. Klindt. She offered no testimony tending to show that either Mr. Klindt or she ever regarded the move to Minnesota as permanent. Nor was there any circumstantial evidence tending to show that it was intended to be permanent. There was no evidence from which the trial court could have found an intent to change domicile from Missouri to Minnesota, other than the mere fact that the family went to Minnesota for several months. That fact, taken alone, when countered by Mr. Klindt's testimony and by circumstantial evidence supporting the temporary nature of the trip, is insufficient to support a determination that Mr. Klindt intended to adopt Minnesota as his domicile, and to abandon Missouri as domicile. Temporary absence, standing alone, does not cause loss of domi-

cile. *Scotton v. Scotton,* 359 S.W.2d 501, 507 (Mo.App.1962). The only other possibility, then, is that, in connection with the move to Georgia, Mr. Klindt intended to abandon Missouri as his domicile and to adopt Georgia. In this regard, we note the following testimony given by Mrs. Klindt:

Q: Did John ever express an opinion about maintaining a permanent residence in the State of Missouri?

A: He said he did not want to come back to Missouri.

\* \* \* \* \* \*

Q: So your testimony is also that John told you he never wanted to come back to the State of Missouri, not even if any jobs opened up?

A: He said there was nothing here; he did not want to move back.

It is not clear when these remarks were allegedly made, but viewing them in the light most favorable to the trial court's ruling, we will consider them as having been made during the time that the Klindts resided in Georgia. This evidence, taken in a light favorable to the trial court's decision, shows an intention to abandon Missouri as his domicile. Her testimony, however, does not establish the other element essential to the actual abandonment of Missouri as his domicile, and that is the intent to establish his domicile at the new location. For a change of domicile to occur, the fact of physical presence and intention must concur. *Nolker v. Nolker,* 257 S.W. 798 (Mo.1924). The testimony of Mrs. Klindt did *not* show that Mr. Klindt, when he was in Georgia, intended to adopt Georgia as his domicile:

Q: Did John ever come to you and say, "Mrs. Klindt, I want to reside in the State of Georgia for the rest of my life or on a long term basis"?

A: He didn't know what he wanted.

\* \* \* \* \* \*

Q: So he—he expressed to you an intent not to stay in Georgia long term; right?

A: Right.

She also testified that they discussed living in Nashville, and they had tentative plans to settle in Nashville after he received his Christmas bonus from his employer in Georgia. Since he never moved to Nashville, he could not have adopted Nashville as his new domicile, no matter how much he might have been interested in the idea. *Goeman,* 833 S.W.2d at 478. Mrs. Klindt says that Mr. Klindt also talked about moving to Florida, and to Indiana. There is no circumstantial evidence to establish that Mr. Klindt intended to permanently reside in Georgia, such as the act of car registration while there. Aside from Mr. Klindt's temporary job, the family had no connections to that state. Moreover, the trial court acknowledged in its findings that the evidence showed that Mr. Klindt intended to return to Missouri at the time the dissolution petition was filed.

Under the facts and circumstances of this case, the evidence does not support the conclusion that Mr. Klindt ever relinquished his lifelong Missouri residency when he accepted out-of-state employment. He describes the employment as temporary, and his expression of intention is entitled to weight when it is not contradicted by evidence indicating otherwise. Mrs. Klindt's testimony essentially showed that Mr. Klindt did not know where he wanted to reside for the long term. It never showed Mr. Klindt intended to adopt either Minnesota or Georgia. Moreover, her testimony was consistent with the temporary nature of the out-of-state employment. Since there was no evidence that Mr. Klindt ever adopted a new domicile, his temporary absence from the state, even if he expressed an intention not to return to Missouri, did not constitute a change of domicile. We reject the notion that, while in Georgia, Mr. Klindt had no domicile at all—no place to pay taxes, no place to register vehicles, no place to account to the law of domicile. "It is familiar law that every person must have a domicile somewhere." *Phelps v. Phelps,* 241 Mo.App. 1202, 246 S.W.2d 838, 843 (1952). That is not to say that one must enjoy his or her domicile; but each person must have one, and it must be a specific place. The evidence here does not show that Mr. Klindt ever shed his Missouri domicile. The intent not to return to Missouri, without a specific intent to stay in a new location, does not effect a change of domicile. Consequently, the trial

court misapplied the law in its determination that Mr. Klindt lost his Missouri residency and was required to "reestablish" it by being physically present in the state for ninety days prior to the filing of the dissolution petition. The motion to dismiss Mr. Klindt's dissolution petition for lack of subject matter jurisdiction should have been denied.

For his second point, Mr. Klindt contends that the trial court erred in declining to exercise jurisdiction with regard to the custody of the Klindt's minor child. He argues that the trial court had jurisdiction to determine the issue of custody because Missouri was the child's "home state" and because it was in the child's best interests due to the "significant connections" with this state pursuant to § 452.450.

In its order sustaining the motion to dismiss, the trial court acknowledged that it had jurisdiction to determine the issue of child custody under § 452.450. However, in determining that the custody matters should be resolved in connection with the issue of dissolution, the court declined to exercise jurisdiction based on the assumption that the state of Georgia had jurisdiction. Since we have determined that Missouri has jurisdiction over the dissolution proceeding, it appears that the trial court would also have jurisdiction to determine the issue of child custody provided that at least one of the grounds set forth in § 452.450 is met.

The judgment is reversed and the cause remanded to the trial court for further proceedings.