Florence WAMBUGU, Respondent,

v.

Francis WAMBUGU, Appellant.

No. 66027.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 25, 1995.

Nathan S. Cohen, St. Louis, for appellant.
Robert T. Ritter, Clayton, for respondent.

PER CURIAM.

Francis Wambugu, husband, appeals from a dissolution of marriage granted to Florence Wambugu, wife. The only issue presented on appeal is whether the trial court had jurisdiction over the divorce action. Husband contends that the trial court lacked subject matter jurisdiction because wife was not a resident of Missouri for 90 days prior to filing her petition as required by § 452.305.1 RSMo 1994. The judgment of dissolution is vacated.

Husband and wife were married on March 3, 1979 in Kenya. Three children were born of the marriage and were still minors at the time of dissolution. The parties and their children came from Kenya to live in St. Louis on December 17, 1991. Wife was granted a visa to work with Monsanto Corporation in a government exchange program. Husband and the children also obtained visas to join wife.[1]

---

1. In reaching this decision, we express no opinion on the effect of wife's visa in establishing residency for the purpose of subject matter jurisdiction. Both parties admitted that wife was here on a J–1 visa, and husband and children on J–2 visas. The visas are not included in the record on appeal. Husband's legal file contains a document from the Immigration and Naturalization Service declaring husband ineligible for employment authorization under 8 C.F.R. § 274A.12(A) or (C). The record contains no reference under which section of the U.S.C. the visas were authorized. Husband attempts on appeal to provide the necessary information, particularly in his reply brief. The characterization as a J–1 or J–2 visa does not direct this court to a

The parties separated on or about April 14, 1992. Wife filed her petition for dissolution on July 16, 1992. Wife alleged that both she and husband were residents of Missouri for at least 90 days preceding the filing. Husband admitted the allegation in his answer. The cause was heard on April 18, 1994. At trial, wife testified that under an agreement with Monsanto, the company gave her money to purchase household goods and a car, all of which must be returned to Monsanto when she returned to Kenya. Wife also testified that members of her church also loaned her household items with the obligation of returning those as well. Under the agreement with Monsanto, because wife was sent by the government of Kenya, wife would return to Kenya after completing her training and use her training there. She stated that she agreed to go back to Kenya to work. Monsanto, as part of the agreement, offered to pay for her and her family's airfare to return to Kenya. Wife stated that her visa would expire a few months after her training is completed, and that she must return to Kenya at that time or be in violation of the immigration laws. The trial court entered its order dissolving the marriage and awarding child custody and support to wife on April 21, 1994.

■ Husband contends in his only point on appeal that the trial court lacked jurisdiction because wife was not a resident of Missouri at the time of the filing for dissolution.

■ Section 452.305.1 RSMo 1994 states that a decree of dissolution shall be entered by the circuit court if "(1) [t]he court finds that one of the parties has been a resident of this state, ... for ninety days next preceding the commencement of the proceedings." The issue of residency in Missouri for purposes of a dissolution action is "a jurisdictional fact which must be pleaded and proved." *Berry v. Berry*, 620 S.W.2d 456, 457 (Mo.App.1981). To establish residence in Missouri, a plaintiff must show "actual presence in the new place and the intention to remain there, either permanently or for an indefinite time, without any fixed or certain purpose to return to

U.S.C. section of which we could take judicial notice. Therefore, we need not address the issue

the former place of abode." *Goeman v. Goeman*, 833 S.W.2d 476, 478 (Mo.App.1992).

"In determining whether a party has the requisite intent to remain either permanently or for an indefinite period of time, the court should consider the acts and utterances of the person, specifically, the 'declarations of the person and the acts made before, at, and after the time the domicile is in dispute.'" *Id.*, quoting *Trumbull v. Trumbull*, 393 S.W.2d 82, 91 (Mo.App.1965).

In the present case, wife bore the burden of establishing residency for the purposes of subject matter jurisdiction. To this end, she stated in her petition that she had been a resident of Missouri for more than ninety days. She repeated the same at trial. However, after reviewing the record, we find that the only evidence produced by wife indicates her intent was not to remain in Missouri indefinitely. The evidence at trial includes acknowledgements by wife that the household goods and the car must be returned and that she agreed to, and must, return to Kenya upon the completion of her training.

Wife argues that both parties stated under oath in their pleadings that both were residents of Missouri for the requisite ninety day period. Wife further asserts that "there is nothing in the record that would indicate that either party intended to go back to Kenya at any specific time when they first arrived in St. Louis." Finally, wife asserts that her trial testimony is only an expression of her intent to leave the United States at the time of trial, and not of her intent when she filed her petition.

■ We are unpersuaded by these arguments. While allegations in a petition, admitted in an answer, are judicial admissions, *In re Marriage of Maupin*, 829 S.W.2d 125, 127 (Mo.App.1992), "[a] party's appearance or answer does not confer subject matter jurisdiction, nor may a party waive the defense of lack of subject matter jurisdiction." *Davis v. Davis*, 799 S.W.2d 127, 130 (Mo. App.1990). Contrary to wife's assertion, the

of the visa's effect on establishing residency.

evidence shows a fixed or certain purpose to return to Kenya.

The judgment is vacated. The case is remanded to the trial court with instructions to dismiss the action for lack of subject matter jurisdiction.