**STATE of Missouri ex rel., James William HAVLIN, Relator,**

v.

**Honorable Michael T. JAMISON, Division 43, Circuit Court of the County of St. Louis, Respondent.**

No. 74485.

Missouri Court of Appeals,
Eastern District,
Writ Division Six.

July 28, 1998.

John K. Greider, St. Louis, for relator.

Hais & Carmody, P.C., St. Louis, for respondent.

HOFF, Presiding Judge.

Relator, James William Havlin (Father), seeks a writ of prohibition against the Honorable Michael T. Jamison (Respondent) to prevent judicial proceedings on a motion to modify a child support order issued by another state. Father urges the trial court lacks subject matter jurisdiction and lacks personal jurisdiction over Father. We hold Missouri courts do not have subject matter jurisdiction to proceed on the motion to modify child support filed by Carla Jean Havlin (Mother). Therefore, we order the preliminary order in Prohibition be made absolute.

Father and Mother were married in Illinois in 1970 and had three children, D.H., born January 26, 1973, B.H., born September 30, 1975, and J.H., born December 6, 1978. In 1987, they moved with their children to Missouri where they lived until 1991. In 1991, Father and Mother moved with their children to Tennessee until Father and Mother's divorce in 1993. In the 1993 Tennessee divorce decree, Mother received cus-

tody of the children and Father was ordered to pay child support. Subsequently, Mother moved to Missouri where she registered the Tennessee divorce decree as a foreign judgment and filed a motion to modify child support in St. Louis County Circuit Court. Father was served in Tennessee and filed a "Special Entry, Motion to Quash In Personam Summons and Motion to Dismiss" the action (Motion). The Motion includes Father's request for dismissal of the action because of lack of subject matter jurisdiction. Respondent denied Father's Motion.

Father then filed an application for a Writ of Prohibition with this Court. In his application, Father claims the trial court lacks subject matter jurisdiction and lacks personal jurisdiction over Father. This Court issued a preliminary order in prohibition ordering Respondent to refrain from any further action in this case.

■■■ Prohibition is an appropriate remedy where the lower court lacks jurisdiction to proceed. *State ex rel. Hartman v. Kintz,* 832 S.W.2d 9, 10 (Mo.App. E.D.1992).

The trial court's subject matter jurisdiction over a foreign child support order is set forth in the Uniform Interstate Family Support Act (UIFSA). Sections 454.971 and 454.973 RSMo Cum.Supp.1997.[1] Section 454.971 states:

A tribunal of this state may enforce a child support order of another state registered for purposes of modification, in the same manner as if the order had been issued by a tribunal of this state, but the registered order may be modified only if the requirements of section 454.973 have been met.

Section 454.973 provides in relevant part:

(a) After a child support order issued in another state has been registered in this state, unless the provisions of section 454.978[2] apply, the responding tribunal of this state may modify that order only if, after notice and hearing, it finds that:

(1) the following requirements are met:

(i) the child, the individual obligee, *and the obligor* do not reside in the issuing state;

(ii) a petitioner who is a nonresident of this state seeks modification; and

(iii) the respondent is subject to the personal jurisdiction of the tribunal of this state; or

(2) an individual party or the child is subject to the personal jurisdiction of the tribunal and all of the individual parties have filed a written consent in the issuing tribunal providing that a tribunal of this state may modify the support order and assume continuing, exclusive jurisdiction over the order. However, if the issuing state is a foreign jurisdiction which has not enacted the Uniform Interstate Family Support Act, as amended, the written consent of the individual party residing in this state is not required for the tribunal to assume jurisdiction to modify the child support order.

(Emphasis and footnote added).

It is undisputed that the Tennessee decree containing the relevant child support order was registered in Missouri. Therefore, a Missouri court may only modify the order if the requirements of Section 454.973 are satisfied.

We find that Section 454.973(a)(1)(i) is not satisfied because the obligor in this case is a resident of the issuing state, Tennessee. By affidavit, Father acknowledges he: has been a resident of the state of Tennessee since 1991; has worked for a Tennessee company since 1991; receives his pay in Tennessee; has his personal effects in storage in Tennessee; has bank accounts in Tennessee; has a Tennessee driver's license; is a registered voter of Tennessee; pays income tax as a resident of Tennessee; and will return to Tennessee after completing his overseas as-

---

1. All subsequent statutory references are to RSMo Cum.Supp.1997.

2. Section 454.978 provides in part:
    (a) If all of the individual parties reside in this state and the child does not reside in the issuing state, a tribunal of this state has jurisdiction to enforce and to modify the issuing state's child support order in a proceeding to register that order.
    This statute is not applicable here because all of the individual parties do not reside in this state.

signments.[3]  Therefore, we find Father is a resident of Tennessee, particularly in light of the temporary nature of his employment outside of Tennessee and his intent to return to Tennessee upon completion of his out-of-state assignments.  *See Lewis v. Lewis,* 930 S.W.2d 475 (Mo.App. E.D.1996); *Klindt v. Klindt,* 888 S.W.2d 424 (Mo.App. W.D.1994).  Because all of the elements of Section 454.973(a)(1) must be satisfied to support subject matter jurisdiction and we have found one of those elements cannot be met, we need not address the other elements of that statute.

The requirements of Section 454.973(a)(2) also are not satisfied.  This is because Father has not filed in the trial court the consent required by that statute.

We conclude Respondent lacks subject matter jurisdiction to proceed in this case because the requirements of Section 454.973(a) are not established.  In light of this conclusion, we need not address Father's personal jurisdiction argument.

The preliminary order in Prohibition is made absolute.  Respondent is directed to dismiss Mother's motion to modify.

GARY M. GAERTNER and RHODES RUSSELL, JJ., concur.

---

**3.**  In Footnote 1 of Mother's Suggestions in Opposition to Relator's Petition in Prohibition, Mother urges Father's assertion that he remains a resident of Tennessee is a factual question disputed by: (1) her sworn statement that "Petitioner is a resident of Singapore."  Motion to Modify, paragraph 6; and (2) her affidavit where she states, "To the best of my knowledge, my former husband lives in Singapore."  Affidavit of Carla Jean Havlin, paragraph 4. We find Mother's conclusory statements, which do not include factual support, insufficient to contest Father's averments.  *See Wood v. Procter & Gamble Mfg. Co.,* 787 S.W.2d 816, 820, 821 (Mo.App. E.D.1990).