**Chaille Anderson LINDO–
HIGGINBOTHAM,
Petitioner/Respondent,**

v.

**John Thomas HIGGINBOTHAM,
Respondent/Appellant.**

**No. ED 74717.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 14, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 5, 2000.

Application for Transfer Denied
Feb. 22, 2000.

Lawrence G. Gillespie, Kirkwood, for appellant.

Christopher Karlen, Michelle J. Spirn, St. Louis, for respondent.

CRANDALL, Presiding Judge.

Respondent-husband, John Thomas Higginbotham, appeals from the decree of dissolution of his marriage to petitioner-wife, Chaille Anderson Lindo–Higginbotham. We affirm as modified.

Husband and wife were married on July 2, 1983. The marriage was dissolved on June 10, 1998. No children were born of the marriage. At the time of the dissolution, husband was employed as general chairman of a local machinists' and aerospace workers' union and was earning $87,746.00 annually, plus per diem pay of about $8,400.00 per year. Wife had been employed as an airline reservationist for about 21 years and earned $28,339.69 annually.

In May 1996, wife accepted a transfer to a newly opened airline reservation center in Virginia. Initially, wife viewed the move to Virginia as permanent. In August 1996, however, when she learned that husband did not want to move to Virginia, she decided to return to St. Louis when her one-year commitment to the job expired in August 1997. Husband never moved to Virginia. The parties continued to maintain the marital home in St. Louis County in which husband resided. Wife lived in an apartment in Virginia and visited St. Louis frequently. In November 1996, husband vacated the marital home

and moved with his paramour to Texas into a home he had purchased with marital funds. Wife did not learn of husband's departure until she returned to the marital home for Christmas and found the house emptied of husband's belongings and of other property. Wife filed her petition for dissolution on March 24, 1997.

Husband had dissipated about $77,000.00 of the marital assets without wife's knowledge. Throughout the marriage, the parties had accumulated assets including bank accounts, individual retirement accounts, deferred compensation plans, securities, annuities, life insurance policies, and rental properties. Wife testified that she was 48 years of age, did not have a college degree, and her monthly expenses exceeded her monthly income by about $3,000.00.

The court entered the decree of dissolution. Only those provisions pertinent to this appeal are set forth. The court found that wife was a resident of Missouri for 90 days preceding the commencement of the dissolution action. The court further found that wife could not provide for her reasonable needs and ordered husband to pay modifiable maintenance of $1,500.00 per month. The court stated its intent to divide the marital property 55 percent to wife and 45 percent to husband. With regard to the real estate owned by the parties at the time of dissolution, the court awarded husband the Texas residence and two pieces of rental property and awarded wife one piece of rental property; but ordered husband to pay the remaining mortgage payments on all the properties.

In his first point, husband contends the trial court erred in finding that wife was a resident of Missouri for 90 days preceding the commencement of the dissolution action because she had been residing in Virginia for 10 months prior to the filing of her petition and was still residing there at the time of dissolution. In a dissolution action, the issue of residency in Missouri is a jurisdictional fact which must be pleaded and proved. *Lewis v. Lewis,*

930 S.W.2d 475, 477 (Mo.App. E.D.1996). When a trial court exercises jurisdiction, an appellate court must accept as true any facts which would support the conferring of jurisdiction. *Id.* Here, wife pleaded that she was a resident of Missouri in the 90 days preceding the commencement of her dissolution action and testified to that effect. Husband admitted wife's Missouri residency in his responsive pleading and did not challenge subject matter jurisdiction at trial. Husband raises the issue of jurisdiction for the first time on appeal.

■■■ Generally, the term "residence" as used in section 452.305, RSMo (1994) is equivalent to "domicile." *Lewis*, 930 S.W.2d at 477. To establish residency, a petitioner must show actual personal presence in the new place and the intention to remain there, either permanently or for an indefinite time, without any fixed or certain purpose to return to the former place of abode. *Id.* A dissolution of marriage decree is void for lack of jurisdiction if it is entered in a state in which neither of the parties to the action are domiciled at the commencement of the action. *Id.*

Husband relies on this court's decision in *Lewis* to defeat the trial court's subject matter jurisdiction in this instance. In *Lewis*, 930 S.W.2d at 477, the trial court denied the husband's motion to dismiss for lack of subject matter jurisdiction because the wife was not a resident of Missouri for more than 90 pays preceding the filing of the dissolution action. The evidence adduced at the trial established that the wife moved to Colorado with the husband in August 1992. *Id.* at 476. They bought an expensive home and enrolled the children in school and other activities. *Id.* The wife secured a Colorado driver's license, registered to vote, and joined a tennis club and the Junior League. *Id.* She returned to St. Louis in February 1993 and brought the dissolution action in March 1993. *Id.* This court vacated the decree of dissolution and remanded the case to the trial court to dismiss for lack of subject matter jurisdiction. *Id.* at 478. This court stated,

"Wife could not actually reside in one place and by mental gymnastics fix in her mind her intent to live somewhere else. Rather, the totality of the evidence supports the view that at the time she moved to Colorado wife intended to make it her home." *Id.*

■■■ Initially we note that in *Lewis*, the husband contested the wife's Missouri residency from the commencement of the case and requested a dismissal of the wife's petition for dissolution for lack of subject matter jurisdiction. In contrast, husband in the present action admitted that wife was a resident of Missouri and only contested jurisdiction for the first time on appeal. We acknowledge that the parties can neither waive nor stipulate to subject matter jurisdiction. *Groh v. Groh*, 910 S.W.2d 747, 749 (Mo.App. W.D.1995). Furthermore, a party may raise the issue of the lack of subject matter jurisdiction for the first time on appeal. *Id.* It is axiomatic, however, that when jurisdiction on the basis of residency is not challenged at trial, the quantum of evidence on the issue of residency will be less than when residency is contested from the beginning of the proceeding.

Husband argues that the *Lewis* decision is controlling because wife's intent to relinquish her Missouri residency was determined at the time she moved to Virginia at which point she viewed the move as "permanent." Yet, although wife referred to the job in Virginia as "permanent," there was evidence before the trial court that wife's establishing residency in Virginia was conditioned upon husband's residing there with her. From the time wife learned of husband's reluctance to move to Virginia in August 1996, she fixed in her mind her purpose to return to Missouri at a time certain; namely, in August 1997 at the end of her one-year commitment. From that point on, her conduct evinced her intent not to adopt Virginia as her residence but to maintain her Missouri residency. The parties kept the marital home in Missouri and left personal proper-

ty there. Wife did not purchase a new home in Virginia, but resided in an apartment. Husband continued to live in the marital home and wife returned to her self-described "home" for visits. On one of these visits at Christmas, she discovered husband's departure from the marital home.

Thus, we find that *Lewis* is distinguishable on its facts from the present case. In contrast to the situation in *Lewis,* the evidence before the trial court did not show that wife either severed all ties with Missouri or took steps to establish permanent residency in Virginia. In *Lewis,* there was evidence that wife's intent was to set up permanent residency in Colorado, while in the present action there was evidence that wife intended only a temporary move to Virginia.

The facts of the present action are more similar to the facts of *Klindt v. Klindt,* 888 S.W.2d 424 (Mo.App. W.D.1994). In that case, the trial court granted the wife's motion to dismiss the petition for lack of subject matter jurisdiction. *Id.* at 426. The evidence was that the husband took a job and moved to Minnesota for three months, returned to Missouri for two weeks, and then took a job and moved to Georgia where he lived for six months prior to filing the petition for dissolution in Missouri. *Id.* at 425–426. The court of appeals found that although the husband had taken jobs in other states and resided in Missouri only intermittently during the previous nine months, he never intended to change his domicile from Missouri. *Id.* at 428. The court relied on evidence that the husband paid personal property tax and income tax in Missouri, maintained his driver's license in Missouri, applied for various jobs in Missouri, and left some personal property in Missouri. *Id.* at 427. The appellate court found that based on the evidence, despite testimony that he expressed an intention not to return to Missouri while in Georgia, the husband had not relinquished Missouri residency because the evidence showed he did not

intend to adopt Georgia as his domicile and the evidence failed to show he had adopted any location other than Missouri as his domicile. *Id.* at 428.

Here, as in *Klindt,* there was evidence that, despite wife's expressed intent to move to Virginia permanently, she did not intend to adopt Virginia as her domicile. Thus, she did not abandon her residency in Missouri for the 90 days preceding the filing of the petition of dissolution. Based on the evidence before it on the issue of jurisdiction, the trial court did not err in determining there was subject matter jurisdiction. Husband's first point is denied.

In his second point, husband challenges the trial court's award of maintenance to wife or, alternatively, the amount of the maintenance awarded. We have reviewed the record on appeal and find that, as to these two claims of error, the judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence. An opinion would have no precedential value. Husband's second point is denied pursuant to Rule 84.16(b).

In his third point, husband contends the trial court erred in ordering him to pay the debt on the rental property awarded to wife in the dissolution decree, specifically the real property located on Periwinkle Court in Florissant, Missouri. Wife agrees and concedes that such an order thwarts the trial court's stated intention to award 55 percent of the marital assets to her and 45 percent to husband. Husband's third point is therefore granted.

In accordance with Rule 84.14, we enter the judgment the trial court ought to have entered and modify the decree of dissolution as follows: The real property located at 2457 Periwinkle Court, Florissant, Missouri, 63031, and legally described in the decree of dissolution, is awarded to wife; and wife is ordered to pay the remaining mortgage payments owed to General Electric Capital Corporation and to indemnify

and hold husband harmless from the mortgage.

The judgment is affirmed, as modified.

KENT E. KAROHL, Judge and MARY K. HOFF, Judge, Concur.