Linda Gail ZYTNIAK, Appellant,

v.

Ronald ZYTNIAK, Respondent.

No. 50152.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 28, 1986.

Anthony L. Anderson, Anderson, Preuss & Bachman, Clayton, for appellant.

Greg Louis Roberts, Walther and Roberts, Clayton, for respondent.

CRIST, Judge.

Mother appeals from modification of dissolution decree changing custody of minor child from mother to father. We affirm.

Their August 30, 1983, dissolution decree awarded custody of parties' minor daughter to mother. Father was ordered, as suggested by the parties' separation agreement, to pay $400 per month child support and $600 per month maintenance. The parties presented conflicting evidence about payment of child support and actual custody of child. The trial judge did not make findings of fact; thus, we accept the facts that are in accord with the result. *Stratton v. Stratton,* 694 S.W.2d 510, 512[3] (Mo.App.1985). After the dissolution, father rented a duplex with a room for their daughter, and mother rented a one bedroom, adults-only apartment. Daughter spent most of her non-school time at father's or paternal grandmother's, visiting with her mother on weekends. The arrangement was mutually satisfactory prior to an argument between the parties on June 17, 1984. After that argument, father kept daughter from mother, and on June 19, 1984, filed a motion to modify custody. On July 16, 1984, mother obtained physical custody of daughter and obtained a temporary restraining order against father.

The parties filed numerous motions, cross motions, and alleged contemptuous acts in violation of the dissolution decree. The trial judge ruled on all these motions and none of his rulings were appealed. It would serve no purpose to detail the legal trappings of the animosity the parties have for each other.

Father has asked this court to strike mother's brief and dismiss her appeal. Additionally, he has moved to strike mother's reply brief. Before discussing the merits of the appeal, these motions need be addressed. Setting out mother's "points relied on" obviates the need to discuss them in any detail.

I.  It is in the best interests of the child to be returned to the primary custody of Petitioner.

II. There is no significant change in the circumstances with regard to the welfare of the child justifying modification of the dissolution decree ordering the transfer of custody to Respondent.

A point relied on that is merely an abstract statement of law violates Rule 84.04. *Draper v. Aronowitz,* 695 S.W.2d 923, 923–4[1] (Mo.App.1985). However, because the case deals with custody, we will consider the best interests of the parties' child. *J.L.E. v. D.J.E.,* 675 S.W.2d 456, 458 (Mo.App.1984); and *Estate of Groeper v. Groeper,* 665 S.W.2d 367, 368[1] (Mo.App.1984). Mother's additional points in her reply brief allege erroneous admission of testimony, failure to consider income and expense statements, error in not ordering a custodial home study, and non-consideration of father's alleged malice. These issues absent from the point relied on and argument sections of mother's brief, presented for our attention for the first time in the reply brief, are not preserved for appeal. *Application of Gilbert,* 563 S.W.2d 768, 771[3] (Mo. banc 1978); and *Wilner v. O'Donnell,* 637 S.W.2d 757, 764[11] (Mo.App.1982). The motions to strike the brief and dismiss the appeal are denied. The motion to strike the reply brief is granted.

 In custody cases, the most important issue is the best interest of the child. *Blankenship v. Blankenship,* 699 S.W.2d 44, 45[2] (Mo.App.1985); and *McCammon v. McCammon,* 680 S.W.2d 196, 202[6] (Mo.App.1984). Although there were no findings of fact, there is no basis in the record for finding the trial court did not weigh all the evidence. Absent such a basis we presume that the trial court considered the issue of custody carefully and its order is in the best interest of the child. *M. v. M.,* 688 S.W.2d 384, 386[4], (Mo.App.1985); and *In Interest of JLH,* 647 S.W.2d 852, 856[2] (Mo.App.1983). Father not only provided primary home for daughter between dissolution and motion to modify, but has remarried, and now lives in a home with a separate bedroom for daughter. At father's home there is a large yard and there are children of daughter's age with whom she plays. At mother's, daughter can only go out when supervised and often must accompany mother to the tanning spa where mother works. At the tanning spa daughter is often left alone to amuse herself. In past mother has indicated she wants to be independent of familial obligations.

We cannot say the modification was not based on substantial evidence or that the welfare of the child mandates reversal. *Whiteside v. Whiteside,* 696 S.W.2d 871, 873[2] (Mo.App.1985); *Morrison v. Morrison,* 676 S.W.2d 279, 280[3] (Mo.App.1984); and *Robinson v. Robinson,* 628 S.W.2d 689, 691[2] (Mo.App.1982).

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.