**Wendy Jo ASHTON, Respondent,**

v.

**Thomas V. ASHTON, Appellant.**

**No. 55186.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 25, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 23, 1989.

Application to Transfer Denied
Aug. 1, 1989.

Carl D. Kraft, St. Louis, for appellant.

David A. McMahon, R. Greg Bailey, St. Louis, for respondent.

CRIST, Judge.

Thomas Ashton (father) appeals the modification of his visitation and custody rights with his son. We affirm.

The parties marriage was dissolved on June 13, 1985. Wendy Ashton (mother) was awarded custody of the parties' minor son, born July 18, 1983. Father was awarded temporary custody of son, with the periods of custody set out in a detailed schedule, which provided father with increasing periods of custody as son grew older. At the time of the modification hearing, father was entitled to the maximum custody under the decree. In summary, father had temporary custody of son on alternating weekends from 5:30 p.m. on Friday until 5:30 p.m. on Sunday, midweek every Wednesday from 5:00 p.m. until 9:00 a.m. Thursday morning, and for two non-consecutive weeks each year. In addition, father and mother also alternated legal holidays, son's birthday, and periods of time over Thanksgiving, Christmas and Easter.

Mother filed a motion to modify the temporary custody provisions of the dissolution decree on July 14, 1986. She alleged a change in circumstances in that the hours of her new job prevented her from being home at 5:00 p.m. and 9:00 a.m. to allow for father to pick up and return son. She requested the court modify the midweek provisions so father would have custody of son every other week from 6:00 p.m. Wednesday until 7:30 a.m. Thursday.

Father denied mother's allegations of changed circumstances in his answer filed September 8, 1986. However, father also filed that day his cross-motion to modify the custody provisions alleging changed circumstances in that mother had unduly and unreasonably interfered with father's temporary custody rights, mother had allowed son to be picked up only at her mother's home, and mother had not disclosed her telephone number to father. Father requested the court to modify the midweek custody to give father custody of son from 5:00 p.m. Thursday until 9:00 a.m. Friday.

The court did not hear evidence on the motions to modify until July 7, 1988. During her testimony at the hearing, mother requested that father's midweek custody of son be eliminated because of her work schedule and because son was to begin kindergarten the next month. Mother also testified that father had kept son for fourteen days claiming this period as his seven-day custody period. Father's counsel objected to both issues being raised on grounds they were outside the scope of the pleadings. On both occasions, father's objections were overruled. On neither issue did father's counsel request a continuance.

In its findings and order, the court modified the decree by eliminating father's midweek custody, and clarified the provisions for father's two non-consecutive weeks of custody, stating that father was not to "stack" other periods of custody within the week to obtain custody for more than a seven-day period.

In his first point, father asserts the trial court erred in eliminating the midweek custody and modifying the provisions for two non-consecutive weeks because these issues were outside the scope of mother's pleadings.

■ The trial court did not err in admitting mother's request to terminate father's midweek custody. In custody cases, the primary concern is the best interest of the child. *Zytniak v. Zytniak,* 725 S.W.2d 35, 37[3] (Mo.App.1986). "Technical rules as to pleadings should not prevent a decision on the merits where the welfare of the child is at stake." *Benton v. Benton,* 620 S.W.2d 433, 435[1] (Mo.App.1981). The issue, father's midweek custody, did not change. Father has not shown how the facts mother submitted in support of her request to eliminate the midweek custody differed from those she would have used to support her initial request to change father's midweek custody to every other week at a different time. Only the relief mother prayed for changed and in a custody proceeding this is simply evidence for the court's consideration. *Rumbolo v. Phelps,* 759 S.W.2d 894, 895[1] (Mo.App. 1988). The court was not limited to the relief prayed for by the parties in their motions to modify, but was to award custody in the manner that served the best interests of the child. *Id.; Winters v. Winters,* 617 S.W.2d 585, 590[7] (Mo.App.1981); *Gianformaggio v. Gianformaggio,* 341 S.W.2d 293, 296[1–3] (Mo.App.1960).

■ Neither did the court err in allowing evidence of father's interpretation of the provisions granting him two non-consecutive weeks of custody. Father contends that because he received no prior notice of this issue, he was unprepared to litigate it, otherwise he would have introduced the testimony of the domestic relations worker he had consulted to interpret the provisions.

Father was not prejudiced by the introduction of this issue. The court took notice of the relevant provisions of the decree and heard testimony from father as to how he had construed the provisions. Testimony of the domestic relations worker's interpretation of the decree would not have been relevant because the question of interpreting the language of the decree was for the court. We find no abuse of the court's liberal discretion to allow amendments to the pleadings in order to serve the best interests of the child. Rule 55.33(b); *Garbee v. Tyree,* 400 S.W.2d 193, 197 [13, 14] (Mo.App.1966).

Father also asserts there was insufficient evidence to support the elimination of the midweek visits and the modification of the provisions for two non-consecutive weeks of custody.

■ Son was to begin kindergarten the month following the modification hearing. Because there is substantial evidence that the midweek custody by father would interfere with son's school, we defer to the trial court's finding that its elimination was in son's best interest. *In re Marriage of Cella,* 679 S.W.2d 392, 394[4] (Mo.App. 1984).

■ As to the provisions for father's two non-consecutive weeks of custody, this was a matter of interpreting the language of the decree. We find no error of law in the court's interpretation.

Judgment affirmed.

CRANDALL, P.J., concurs in separate opinion.

REINHARD, J., concurs.

CRANDALL, Presiding Judge, concurring.

Although their marriage is dissolved, the parties remain parents of a minor son. It would seem that the issues raised in this appeal could have been resolved by mother and father without resorting to litigation. Reasonable minds could differ on whether the gravamen of the motion was the best interests of the child or the convenience of parents. If, however, we concede the necessity of this litigation, it should not have taken two years to get a matter tried that relates to the best interests of a child.

I concur in the majority opinion.