**In re the MARRIAGE OF Phyllis Diane MAUPIN and James Corbett Maupin, II**

**Phyllis Diane Maupin, Petitioner–Respondent,**

**and**

**James Corbett Maupin, II, Respondent–Appellant.**

No. 17653.

Missouri Court of Appeals, Southern District, Division One.

May 12, 1992.

Donald L. Clough, Rockaway Beach, for petitioner-respondent.

James K. Justus, Justus & McCullah, Forsyth, for respondent-appellant.

PREWITT, Presiding Judge.

Appellant appeals from the judgment of the trial court dissolving the parties' marriage and placing primary physical custody of their children with respondent. Appellant presents three points relied on.

Review of this nonjury matter is under Rule 73.01(c). As that rule is interpreted, this court is to affirm the trial court's determination, unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *In re Marriage of Lafferty*, 788 S.W.2d 359, 361 (Mo.App.1990). This court sets aside a judgment on the ground that it is against the weight of the evidence only when it has a firm belief that the judgment is wrong. *Looney v. Estate of Eshleman*, 783 S.W.2d 164, 165 (Mo. App.1990).

All facts upon which no specific findings are made are presumed found in accordance with the result reached. Rule 73.-01(a)(2). Due regard is given to the opportunity of the trial judge to assess the credibility of witnesses. Rule 73.01(c)(2).

For his first point appellant states that the court erred in finding no reasonable likelihood that the marriage could be preserved and that the marriage was irretrievably broken. Appellant claims there

was insufficient evidence of irretrievable breakdown of the marriage under § 452.-320.2(1), RSMo 1986.

Although there was sufficient evidence, it was unnecessary to consider it. Respondent alleged in her petition that the marriage was irretrievably broken and appellant admitted that allegation in his answer. At trial appellant testified that the marriage was not irretrievably broken, but that denial and appellant's request to amend to change his answer after the evidence at trial came too late.

■ Section 452.320.2(1) did not come into play because of the admission in the answer that the marriage was irretrievably broken. See § 452.320.1, RSMo 1986. As a judicial admission had occurred, that was not an issue at trial. Allegations in a petition, admitted in an answer, are judicial admissions on that issue. *Costello v. Costello*, 643 S.W.2d 81, 82 (Mo.App.1982). A judicial admission "waives or dispenses with the production of evidence and concedes for the purpose of the litigation that a certain proposition is true." *Hewitt v. Masters*, 406 S.W.2d 60, 64 (Mo.1966).

Section 452.320.2, RSMo 1986, requires certain findings if one of the parties has denied under oath or affirmation that the marriage is irretrievably broken. That reference is obviously to the pleadings. The issues cannot be changed at trial by testimony contrary to that contained in the parties' pleadings. Point one is denied.

■ Appellant states in his second point that the trial judge erred in not disqualifying. Appellant filed an application for change of judge, which in its body stated:

COMES NOW, Respondent, JAMES CORBETT MAUPIN, II, and respectfully requests a Change of Judge.

Further Respondent states that the Honorable James Eiffert is prejudiced in this matter against the Respondent.

That the Honorable James Eiffert has consistently and continuously refused to allow Respondent the time necessary to prepare for a trial in the above entitled cause of action.

WHEREFORE, Respondent respectfully requests a Change of Judge.

This case was filed on November 20, 1990 and appellant served that day. Appellant filed an "Answer and Cross–Petition for Dissolution of Marriage" on December 12, 1990. The application for change of Judge was filed on May 3, 1991, the day of trial.

■ Appellant does not contend that he had an absolute right to change of Judge under Rule 51.05. The application was not timely filed under that rule. Appellant's motion does not specifically state any reason that the trial judge should have been disqualified; nor does the record. Rulings against a party do not establish bias or prejudice on the part of a trial judge. *In re Marriage of Ryterski*, 655 S.W.2d 102, 104 (Mo.App.1983). Point two is denied.

■ The remaining point which appellant presents asserts that the trial court improperly applied § 452.375, RSMo Supp.1990, and abused its discretion by determining, against the weight of the evidence, that the best interests of the children was to place primary physical custody in respondent. As earlier noted, this court sets aside a judgment for being against the weight of the evidence only when there is a firm belief that the judgment was wrong. The record here does not reflect a situation where this court can say with a firm belief that the custody provisions were improper. Point three is denied.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.