**Michael PINKSTON, Appellant,**

v.

**Shirley J. ELLINGTON, Respondent.**

No. 60495.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 15, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Jan. 21, 1993.

Application to Transfer Denied
Feb. 23, 1993.

Mark D. Hirschfeld, St. Louis, for appellant.

Thomas J. Frawley, Lawrence Gillespie, St. Louis, for respondent.

CARL R. GAERTNER, Judge.

This is father's second appeal to this court from orders of the Circuit Court of St. Louis County regarding child custody. On this appeal father complains that the order violates the opinion and mandate of this court in *M.P. v. S.P.*, 793 S.W.2d 510 (Mo.App.1990). We affirm.

The parties married June 2, 1973, and the marriage was dissolved February 24, 1986. Five children were born of the marriage

and range in age from 7 to 18 years. Originally, mother had primary physical custody of the children. However, shortly after the dissolution mother began cohabiting with a fellow employee and was soon pregnant with his child. Father filed a motion to modify custody which was denied by the circuit court. Because of mother's adulterous conduct and her employment schedule, this court determined the welfare of the children would best be served in father's home. We reversed the order of the trial court and "remanded for an order consistent with this opinion".

Upon remand father filed a motion in limine seeking to exclude further evidence regarding the merits of his motion to modify. The original trial judge recused himself. The cause was assigned to another judge of the circuit who denied father's motion in limine. Mother filed an amended motion to modify. After a full evidentiary hearing the trial court issued a two-part order. Part A, "based upon circumstances as they existed March 31, 1989"[1] and in compliance with the mandate of this court, granted primary physical custody of the children to father, but continued the joint legal custody which, the trial court found, had functioned effectively despite the parties' differences.

In Part B the court addressed mother's amended motion to modify. Finding that mother had married her paramour and that they provided a loving environment for the children, and that mother had changed her work schedule so as to allow her greater opportunity to be with the children, the court sustained mother's motion and ordered joint legal and physical custody. Mother has custody on the four consecutive days she does not work, and father has physical custody for the following four consecutive days that mother does work.

Father's first point on appeal is that the trial court erred in re-trying the entire case and awarding the parties' joint legal and physical custody, rather than granting him primary physical custody in accordance with the opinion and mandate of this court. He argues that the decision of the Court of Appeals established "the law of the case"

and that the trial court was precluded from any action other than entering a judgment granting him primary physical custody. We disagree.

When a case is remanded with specific directions, the trial court is bound to render judgment in conformity with the mandate. *Davis v. J.C. Nichols Co.*, 761 S.W.2d 735, 737 (Mo.App.1988). However, when a case is remanded "for further proceedings consistent with this opinion" such an order is a simple reversal and remand because every remanded case is remanded for further proceedings in accordance with the appellate court opinion. *Brocco v. May Dept. Stores Co.*, 55 S.W.2d 322, 325 (Mo. App.1932). Words of that character do not import a direction to the trial court and the remanding order stands exactly as if such language had been omitted. *Id.* The reversal and remand in this case used the language "consistent with this opinion" and is therefore a simple reversal and does not import a specific direction for the trial court on remand. A general remand leaves all issues open to consideration on the new trial. The pleadings may be amended and new facts produced. *Butcher v. Main*, 426 S.W.2d 356, 358 (Mo.1968). It was therefore not improper for the trial court to hold a full custody hearing on remand. The trial court was under no specific order to grant father more physical custody time than mother. Point denied.

Father's second point on appeal charges trial court error in entering Part B of its order in the absence of an order of the Court of Appeals or a subsequent pleading authorizing such modification. As we understand father's argument, he seems to be contending that until the trial court complied with the appellate mandate reversing the original ruling it was precluded from considering the change of circumstances which had occurred during the first appeal. In overruling father's motion in limine which sought to limit the evidence to the facts which existed two years earlier, the trial court observed "I think my duty in a motion to modify in a case like this is to determine what's in the best interest of the children today." We agree. "Where the

---

1. The date of the trial court's original denial of     father's motion to modify.

issues or evidence on the retrial are different from those vital to the first adjudication and opinion, the law of the case does not conclude either the trial court or the appellate court on remand." *Davis v. J.C. Nichols Co.*, 761 S.W.2d at 741. Here, each of the problems cited by the appellate court for awarding primary custody to father had been corrected by mother before the rehearing. The best interest of the children required the court to give heed to these changes in circumstances. Technical rules of pleading may not impede the court's determination of the welfare of children. *Ashton v. Ashton*, 772 S.W.2d 730, 732 (Mo.App.1989). Moreover, the general nature of the order remanding the case to the trial court permitted the amendment of pleadings and the introduction of evidence of new and controlling facts. *Butcher v. Main*, 426 S.W.2d at 358.

■ Finally, father argues that the evidence of a change in circumstances was insufficient to warrant modification of the custody order. We have thoroughly reviewed the evidence and find ample support for the detailed findings and conclusions of the trial court.

The judgment is affirmed.

CRANE and SIMON, JJ., concur.