**Ronald C. CUMMINS, Appellant,**

**v.**

**Theresia Mary Ann CUMMINS, Respondent.**

**No. WD 47813.**

Missouri Court of Appeals, Western District.

March 29, 1994.

Harold L. Caskey, Butler, for appellant.

Kevin K. Anderson, Alex Peebles, Harrisonville, Hermitage, for respondent.

Before TURNAGE, C.J., and LOWENSTEIN and HANNA, JJ.

TURNAGE, Chief Judge.

Theresia Cummins filed a motion requesting leave to remove her two minor children from the state of Missouri. Ronald filed a motion seeking to have Theresia held in contempt for failure to allow him to have visitation with the children and for modification of the decree to award custody of the children to him. The court granted permission to Theresia to remove the children to the state of Kansas and granted Ronald additional temporary custody. The court denied Ronald's motion to be awarded custody. Ronald contends that the court erred in excluding evidence that Theresia delivered the children to Ronald for visitation when they smelled strongly of marijuana. Reversed and remanded.

The marriage of Ronald and Theresia was dissolved in September 1990 and Theresia was awarded custody of the two minor boys. The boys are now about eleven and six years of age.

Theresia testified concerning her desire to remove the children to Topeka, Kansas where she had moved.

During the presentation of his evidence on his motion for custody, Ronald began to testify that on three occasions Theresia had delivered the boys to him for periods of temporary custody or visitation when they smelled strongly of marijuana. Counsel for Theresia objected on the ground that such evidence was irrelevant and was without foundation because there was no showing that Ronald had the requisite knowledge of marijuana to testify about its odor. Ronald thereafter testified that while in the army he was assigned to drug enforcement duty and given special training in the behavior of persons who are using drugs and had received special drug enforcement courses from the FBI. He stated he had participated in 20 drug related arrests as part of his army duty. Ronald also made an offer of proof in question and answer form in which he stated that he had smelled the odor of marijuana on his children with the worst occasion being in November 1992. He stated there were two other occasions when he detected the odor of marijuana on the children, one of which was in the late fall of 1991. He also stated that on one occasion when she delivered the children Theresia had exhibited the aggressive demeanor and dilation of the pupils of her eyes that is consistent with someone using cocaine.

The court ruled there was insufficient foundation for Ronald to state his opinion concerning the odor of marijuana and the appearance of Theresia being consistent with a person on cocaine. The court excluded such evidence. As a result of the exclusion of the evidence concerning drugs, the question of whether or not Theresia used drugs or whether the children were exposed to anyone else using marijuana was not developed in the evidence.

■ The dispositive point raised by Ronald is the error of the court in excluding his testimony concerning Theresia's appearance and the odor of marijuana on the children because this precluded the parties from trying the drug issue. The objection was that such evidence was irrelevant and did not

have a sufficient foundation. The relevancy objection can be quickly brushed aside because it was certainly relevant to the best interest of the children to determine whether or not they were exposed to marijuana use and whether or not Theresia was using cocaine.

The other objection and the one upon which the court based its ruling was that Ronald's testimony was given without a foundation to show his qualification to give an opinion about the appearance of people using drugs and the odor of marijuana. Ronald testified that he had received special training in the area of drug use and had participated in 20 arrests of persons for illegal use of drugs. The question of whether a foundation is adequately shown is in the discretion of the trial court. *McJunkins v. Windham Power Lifts, Inc.*, 767 S.W.2d 95, 100[4–6] (Mo.App.1989). However, the court abused its discretion in excluding the evidence because there was sufficient evidence to qualify Ronald to give an opinion concerning the appearance of Theresia and the odor of marijuana about the boys.

There was a further objection that the testimony concerning Theresia's appearance and the odor of marijuana was beyond the scope of the pleadings. In *Ashton v. Ashton*, 772 S.W.2d 730, 732[1] (Mo.App. 1989), the court held that technical rules of pleadings should not prevent a decision on the merits when the welfare of a child is at stake. In short, the welfare of a child is too important for the court to exclude testimony relevant to the welfare of the child on the ground that it was not included in a pleading.

The court should have heard the evidence concerning the alleged drug use and should have considered this evidence in determining the best interest of the children. Because the court did not allow Ronald to present evidence of drug use, Theresia did not address that issue in her evidence. The record only contains Ronald's offer of proof concerning drug use by Theresia and the smell of marijuana on the children. To determine the best interest of the children, it is necessary that the question of drugs raised by Ronald be fully developed in the evidence with both parties having full opportunity to present evidence on that question.

Although Rule 84.14 allows this court to give the judgment which the trial court should have entered, this court can not perform that function when there is a further factual adjudication to be made. *Steinmeyer v. Steinmeyer*, 669 S.W.2d 65, 68[14, 15] (Mo. App.1984). For that reason this cause will be remanded for a new trial to give the parties full opportunity to present evidence on the question of drug use by Theresia or drug use in the presence of the children. On retrial the court will be able to valuate the evidence, determine the credibility of the witnesses, and enter the judgment which will be in the best interest of the children. The question of whether or not Theresia should be allowed to take the children to the state of Kansas is so closely entwined with the question of the best interest of the children that a complete reversal of the judgment is required. On remand the court will be free to receive evidence on all the issues raised by the motions and to make a full determination of the best interest of the children.

The judgment is reversed and this cause is remanded for a new trial.

All concur.