**Deborah L. PEACE, Appellant,**

v.

**William P. PEACE, Respondent.**

**No. WD 58045.**

Missouri Court of Appeals,
Western District.

Nov. 7, 2000.

Douglas Mark Greenwald, Kansas City, for appellant.

Mark E. Allen, Liberty, for respondent.

Before Presiding Judge LOWENSTEIN, Judge LAURA DENVIR STITH and Judge NEWTON.

LAURA DENVIR STITH, Judge.

Deborah Peace appeals the circuit court's judgment terminating William Peace's child support obligation for their daughter, Nicole Peace. She argues that the circuit court erred in determining that statements she made in a pleading constituted binding judicial admissions that Nicole was emancipated, and that the court below should have considered the facts the parties presented at trial in determining emancipation. We agree and reverse and remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL HISTORY

Petitioner Deborah Peace (Mother) and Respondent William Peace (Father) were married on July 7, 1973, and dissolved their marriage on June 9, 1998. The court granted Mother primary physical custody of the parties' two minor children, Nicole C. Peace, born March 23, 1981, and Garrett W. Peace, born November 14, 1984. The court ordered Father to pay $825.00 in monthly child support to Mother for the care and support of the children.

In the spring of 1998, shortly before the end of her junior year, the parties' eldest child, Nicole, then age 17, dropped out of high school. That fall, Nicole began classes to obtain her General Equivalency Diploma (GED). In April 1999, one month after Nicole's 18th birthday, Father filed a Motion to Modify the Decree of Dissolution. In his motion, he stated that Nicole was 18, had dropped out of school in her junior year, and was not enrolled in any school. He contended that she was self-supporting and that her mother had relinquished her from parental control. Hence, Father claimed that under Section 452.340 Nicole was emancipated and his child support obligation toward her should be terminated.[1]

When Mother's counsel filed an unverified response to Father's motion to modify on June 3, 1999, counsel knew that Nicole had left high school and that she turned 18 on March 23, 1999, but counsel apparently was unaware that Nicole was taking GED classes and was planning to continue her education at cosmetology school in the fall. As a result, in his responsive brief Mother's counsel admitted the following allegations made in Father's motion to modify: that Nicole became emancipated on her 18th birthday on March 23, 1999; that she was self-supporting and her mother had relinquished parental control; that she was not physically or mentally incapacitat-

1. Section 452.340 states in pertinent part:
 3. Unless the circumstances of the child manifestly dictate otherwise and the court specifically so provides, the obligation of a parent to make child support payments shall terminate when the child:
 . . . .
 Becomes self-supporting, provided that the custodial parent has relinquished the child from parental control by express or implied consent;
 Reaches age eighteen, unless the provisions of subsection 4 or 5 of this section apply; . . .
 . . . .
 5. If when a child reaches age eighteen, the child is enrolled in and attending a secondary school program of instruction, the parental support obligation shall continue, if the child continues to attend and progresses toward completion of said program, until the child completes such program or reaches age twenty-one, whichever first occurs. If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school or completion of a graduation equivalence degree program and so long as the child enrolls for and completes at least twelve hours of credit each semester, not including the summer semester, at an institution of vocational or higher education and achieves grades sufficient to reenroll at such institution, the parental support obligation shall continue until the child completes his or her education, or until the child reaches the age of twenty-two, whichever first occurs . . .
 Sec. 452.340 RSMo Cum.Supp.1999.

ed from supporting herself; that she was not enrolled in or attending a secondary school and had not been in such a school during the previous twelve month period; and that she was not enrolled in or attending an institution of vocational or higher education and had not been in such a school during the previous twelve-month period.

Mother's counsel was later told by Mother that Nicole had begun taking GED classes in the fall of 1998 and expected to received her GED in the summer of 1999, shortly after she would have received her high school diploma had she not dropped out of school. Mother also told counsel that she continued to provide Nicole with room, board and financial support. Additionally, Mother noted that Nicole planned to attend cosmetology school. Nicole in fact received her GED in July 1999, and thereafter enrolled in a post-secondary education program in cosmetology. Mother's counsel notified Father's attorney by telephone and letter that Mother believed that Nicole was not emancipated for these reasons, and Father later conducted discovery on these issues. Mother did not withdraw or amend her original response to the motion, in which she admitted Nicole's emancipation, however.

At the modification hearing held on September 14, 1999, Mother tried to present the evidence just noted that supported a finding that Nicole was not emancipated. Father objected to admission of this evidence on the basis that Mother's admissions in her responsive brief amounted to a judicial admission that Nicole was emancipated and precluded Mother from contesting that issue at the hearing. The court took the issue under advisement and allowed Mother to present evidence that Nicole was not emancipated. The court also allowed Father to present evidence that Nicole was, in fact, emancipated. Father testified that Nicole became emancipated on her 18th birthday because she was out of school, self-supporting and living with her boyfriend at Mother's house, and that

Mother had relinquished Nicole from parental control. On cross-examination by Mother's counsel, Father stated although he was previously unaware that Nicole had taken GED classes, that she had passed the GED examination, or that she was enrolled full-time in a cosmetology vocational school, he did believe that she was not under parental control in her Mother's home because he believed she lived there with her boyfriend and was self-supporting.

Shortly after the hearing concluded Mother filed a motion to withdraw or amend her original responsive brief to delete her admissions of Nicole's emancipation. On December 9, 1999, the court ruled that Mother's motion to withdraw or amend her brief, filed later on the day of the hearing, "came too late." It held that Mother's admissions in her brief, although contrary to testimony at the hearing, were judicial admissions on the issue of Nicole's emancipation. It therefore did not consider the testimony presented at the hearing and determined, based on the admissions, that Nicole became emancipated on March 23, 1999, and terminated Father's child support obligation for Nicole. Mother now appeals.

## II. STANDARD OF REVIEW

 We will affirm the trial court's decision on appeal unless "there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We "should set aside a judgment on the ground that it is against the weight of the evidence only 'with caution and with a firm belief that the decree or judgment is wrong.' " *Harris by Harris v. Harris*, 803 S.W.2d 167, 169 (Mo.App. S.D.1991), *quoting, Jun v. Murphy*, 763 S.W.2d 290, 294 (Mo.App. E.D.1988). We additionally afford the trial court deference concerning its determinations of credibility, and we view the evidence in the light most favor-

able to the trial court's decision. *Shiflett v. Shiflett,* 954 S.W.2d 489, 492 (Mo.App. W.D.1997). The trial court's judgment "must be affirmed under any reasonable theory supported by the evidence and should be set aside only upon a firm belief that the trial court's judgment was incorrect." *Id.; Guier v. Guier,* 918 S.W.2d 940, 946 (Mo.App. W.D.1996).

## III. JUDICIAL ADMISSIONS

■ In her first point on appeal, Mother asserts that the trial court erred in holding her responsive brief was a binding judicial admission in that: (1) no Missouri case holds that statements made in a trial court brief constitute binding judicial admissions; and (2) Father knew that emancipation was an issue and conducted discovery on that issue, so he would not be prejudiced if the court permitted modification of Mother's response and allowed the issue of emancipation to be tried on the merits. We agree that the court below erred in treating the statements in the responsive brief as binding judicial admissions.

■ A judicial admission "waives or dispenses with the production of evidence and concedes for the purpose of the litigation that a certain proposition is true." *In re Marriage of Maupin,* 829 S.W.2d 125, 127 (Mo.App. S.D.1992). Father cites case law holding that where an answer admits allegations in a petition then those admissions constitute binding judicial admissions. *Maupin,* 829 S.W.2d at 127. Here, however, Mother did not file a formal answer to Father's motion to modify. In fact, none of our rules or statutes require the filing of a formal answer or other responsive pleading to a motion to modify child support. *See* Sec. 452.310 RSMo Cum.Supp.1999; *James v. James,* 853 S.W.2d 425, 432 (Mo. App. S.D.1993); II Mo. Family Law Section 25.4 (Mo. Bar 5th ed.1997, 1999). Where a motion to modify is filed, the opposing party normally does file a response, of course, and Mother did so here, but that response was not labeled "Answer." It was labeled "Brief in Response

to Respondent's Motion To Modify Decree of Dissolution As Regards Child Support." While, as Father notes, that responsive brief did follow the form usually followed by an answer in admitting and denying facts stated in the motion to modify, Father cites us to no cases holding that this makes the facts "admitted" binding judicial admissions, as opposed to evidentiary admissions.

■ Our own research has revealed cases holding that admissions made "during the progress of trial by a party's attorney for the purpose of being used as a substitute for evidence produced in the usual way are judicial admissions and, as such, are conclusive upon the party making them." *Wehrli v. Wabash R. Co.,* 315 S.W.2d 765, 774 (Mo.1958). Also, facts stated in appellate briefs may be the foundation for judicial admissions. *Ortmeyer v. Bruemmer,* 680 S.W.2d 384, 397 n. 5 (Mo.App. W.D.1984). No Missouri case appears to have treated briefs or suggestions filed in the trial court in the same manner, however. And, the cases state that admissions made in the course of other types of trial preparation activities, such as depositions or interrogatory answers, or in superceded pleadings, can be used as evidentiary admissions, but they do not constitute binding judicial admissions. *See Nolte v. Wittmaier,* 977 S.W.2d 52, 60 (Mo. App. E.D.1998) (finding interrogatory answers did not constitute judicial admissions); *Kansas City v. Keene Corp.,* 855 S.W.2d 360, 373 (Mo. banc 1993) (finding facts stated in a brief in a prior appellate proceeding in a case were not binding judicial admissions, but admissions against interest); *Bray v. Bray,* 629 S.W.2d 658, 660 (Mo.App. E.D.1982) (finding statements in abandoned pleadings were admissible as admissions against interest and for impeachment).

■ In determining whether the admissions made in the responsive pleading at issue here should be considered in the nature of evidentiary admissions or

judicial admissions, we are also guided by the fact that the issue before us involves the welfare of a child in that it concerns her right to support from her father. It is well-settled that in child custody cases, "technical rules of pleading may not impede the court's determination of the welfare of children." *Pinkston v. Ellington,* 845 S.W.2d 627, 630 (Mo.App. E.D.1992). In *Buckman v. Buckman,* 857 S.W.2d 313, 319 (Mo.App. E.D.1993), the court applied this principle to the child support modification case before it and held that technical rules of pleadings should not interfere with making a modification decision on the merits for, "[w]hile we recognize that a party's proof must conform to his pleadings, technical rules as to pleadings should not prevent a decision on the merits where the welfare of minor children is at stake." *Id.* at 319. *Cf. Cummins v. Cummins,* 873 S.W.2d 280, 282 (Mo.App. W.D.1994); *Ashton v. Ashton,* 772 S.W.2d 730, 732 (Mo. App. E.D.1989) (child custody cases).

The fact that this case involves the welfare of a child, and that in such cases we may chose not to technically apply the pleading rules, affects our resolution of the issue before us in two ways. First, since no Missouri case has yet applied the harsh doctrine of judicial admissions to informal pleadings such as the brief before us, we hesitate to so extend it here. Second, Rule 55.33(a) provides that a trial court may grant parties leave to amend pleadings when justice so requires, and that leave shall be freely given. One of the key issues a trial court examines when determining whether to grant leave to amend is whether the non-moving party will be prejudiced by the amendment. *Kanefield v. SP Distributing Co.,* 25 S.W.3d 492, 498 (Mo.App. E.D.2000); *Wheelehan v. Dueker,* 996 S.W.2d at 780, 782 (Mo.App. E.D.1999).

Of course, Mother's counsel did not formally move to amend his brief at or before the hearing, but he did ask the court to allow him to introduce evidence on this issue, and then formally moved to amend shortly after the hearing. Had Mother made such a formal motion to amend prior to the hearing, the record below shows that no prejudice would have resulted from the amendment in that Father's counsel was well aware that Nicole's emancipation was a potential issue at the hearing, and he admitted that he had come prepared to try that issue on the merits if Mother sought and was granted permission to amend her pleadings at the hearing. While Father may have hoped that his argument about judicial admissions would win the case, he did not rely on it. Indeed, the court told the parties to present their evidence while it took the issue of judicial admissions under advisement. Accordingly, Father presented the wage records for Nicole that he had previously subpoenaed, and brought out numerous facts at trial which he alleges supported a finding that Nicole is self-supporting and no longer under parental control, and therefore is emancipated regardless whether she completed her GED and is now in cosmetology school.

Given these facts, and in light of the principle that we may chose not to apply technical pleading requirements and instead reach the merits where the best interests of a child is at stake, we hold that the court erred in treating Mother's responsive brief as a judicial admission. The court should have considered the evidence submitted and determined the issue of emancipation on the merits. For these reasons, we reverse and remand this case to the trial court for further proceedings on the issue whether the evidence previously submitted, and such additional evidence, if any, as the court deems proper to allow the parties to present on remand, shows that Nicole is emancipated.

Presiding Judge LOWENSTEIN and Judge NEWTON, concur.