Norman Grant KERR, Appellant,

v.

Robbie L. KERR (n/k/a Gillet),
Respondent.

No. WD 61564.

Missouri Court of Appeals,
Western District.

April 1, 2003.

Christie E. Sherman, Scott C. Trout, Kansas City, MO, for Appellant.

R. Gregory Harrison Liberty, MO, for Respondent.

Before NEWTON, P.J., and ULRICH and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Norman Grant Kerr appeals from the judgment of the Circuit Court of Clay County overruling his motion to emancipate his daughter and terminate his child support obligation to the respondent, Robbie L. Gillet, as provided in an Oklahoma divorce decree.

In his sole point on appeal,[1] the appellant claims that the trial court erred in overruling his motion to emancipate his daughter and terminate his child support obligation, in accordance with the child support order of the issuing state, Oklahoma, because in doing so, the court modified the Oklahoma order in violation of § 454.973(c)[2] of the Uniform Interstate Family Support Act ("UIFSA"), §§ 454.850–.997, prohibiting a court of this state from modifying any aspect of a child support order, which could not be modified in the issuing state.

We reverse and remand.

### Facts

The parties were married in Tulsa, Oklahoma, in July of 1980. Their only child, Marna, was born on July 1, 1983. The marriage was dissolved by the District Court of Tulsa County, Oklahoma, on June 6, 1988. Custody of the parties' daughter was awarded to the respondent. The appellant was ordered to pay $310.38 per month in child support. The child support order was modified on October 1, 1990, decreasing the appellant's monthly child support obligation to $287. In February 1995, the respondent and Marna moved from Oklahoma to Clay County, Missouri. The record does not indicate when the appellant left Oklahoma, but at the time of the proceeding below, he lived in Minnesota. The Oklahoma child support order was modified again on November 4, 1999, increasing the appellant's monthly child support obligation to $426.51.

On May 6, 2001, the respondent filed a notice in the Circuit Court of Clay County requesting the registration of the Oklahoma child support order as a foreign judgment. On May 20, 2001, Marna graduated from high school. On May 21, 2001, the Oklahoma support order was registered with the Circuit Court of Clay County. On that same date, the appellant filed a motion to emancipate Marna as of May 20, 2001, alleging that, pursuant to the terms of the Oklahoma divorce decree, she was emancipated upon her graduation from high school, although the record would reflect that she did not turn eighteen until July 1, 2001.

On July 11, 2001, the trial court entered its judgment emancipating Marna and terminating the appellant's child support obligation, effective May 20, 2001. On July 17, 2001, the respondent filed her motion to set aside the judgment, which the court sustained on August 15, 2001. On February 4, 2002, after considering the parties' briefs and suggestions, the trial court overruled the appellant's motion to emancipate and terminate child support.

This appeal follows.

### I.

In his sole point on appeal, the appellant claims that the trial court erred in overruling his motion to emancipate his daughter and terminate his child support obligation, in accordance with the child support order of the issuing state, Oklahoma, because in doing so, the court modified the Oklahoma order in violation of § 454.973(c), prohibiting a court of this state from modifying any aspect of a child support order, which could not be modified in the issuing state. Specifically, he claims that in failing to emancipate his daughter and terminate his child support obligation upon her graduation from high school, the trial court effec-

---

1. In effect, although denominated as one claim, the appellant makes several claims as to why the trial court erred. We address only the claim that is dispositive of his appeal.

2. All statutory references are to RSMo 2000, unless otherwise indicated.

tively modified the Oklahoma child support order, extending the duration of the appellant's child support obligation, contrary to Oklahoma law, which provides that child support must terminate on the child's eighteenth birthday, unless the child is continuously attending high school and has not yet reached his or her nineteenth birthday.

We review a trial court's decision as to a motion to emancipate and terminate child support pursuant to *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. *banc* 1976). *Peace v. Peace*, 31 S.W.3d 467, 470 (Mo. App.2000). We will not reverse its decision unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares and applies the law. *Id.* In our review, we are to afford the trial court deference concerning its determinations of credibility and are to view the evidence in the light most favorable to the trial court's decision. *Id.* at 470–71. The trial court's judgment must be affirmed under any reasonable theory that is supported by the evidence. *Id.* at 471.

In its last order modifying the appellant's child support obligation, the Oklahoma court ordered him to:

> pay child support until the minor child(ren) reaches the age of majority or until further order of the court; provided however, that should the minor child(ren) be continuously enrolled in high school at the age of majority, then the non-custodial parent shall pay child support through the age of eighteen years, or until graduation from high school, whichever is first to occur.

Under that order, there can be no dispute that the appellant's child support obligation was to have terminated when Marna reached the age of majority, eighteen, unless she was continuously enrolled in high school, in which case support was to continue until she reached her nineteenth birthday or graduated from high school, whichever first occurred. The Oklahoma court's child support order mimics § 112(E) of the Oklahoma Statutes Annotated, Title 43, which reads, in pertinent part:

> [A]ny child shall be entitled to support by the parents until the child reaches eighteen (18) years of age. If a dependent child is regularly and continuously attending high school, said child shall be entitled to support by the parents through the age of eighteen (18) years.

Thus, under Oklahoma law, once a dependent child reaches age eighteen, a parent's child support obligation for that child terminates as a matter of law when the child either: (1) ceases to regularly and continuously attend high school; or (2) reaches age nineteen. While it goes without saying that under § 112(E) the Oklahoma court in our case would have been powerless to modify its child support order to extend the appellant's child support obligation past Marna's eighteenth birthday, inasmuch as the record indicates that she had already graduated from high school, the question presented here is whether a Missouri court could do so in a UIFSA modification proceeding.

UIFSA was adopted by the Missouri General Assembly in 1996, effective January 1 of 1997, and is presently found in §§ 454.850–.997. Pursuant to § 454.360, UIFSA applies to all child support cases filed or received in this state on or after January 1, 1997, including the case at bar, which was received or registered in Clay County on May 21, 2001. Section 454.973(c) of UIFSA reads, in pertinent part: "A tribunal of this state may not modify any aspect of a child support order that may not be modified under the law of the issuing state." Hence, the trial court here, just as was the Oklahoma court, was

powerless to extend the appellant's child support obligation past Marna's eighteenth birthday, in that she had already graduated from high school at the age of seventeen.

The respondent tries to avoid the fatal blow of § 454.973(c) to her case by essentially ignoring what it says. Rather than arguing about the reach of § 454.973(c), the respondent chooses to argue over the proper characterization of the appellant's motion. Her argument is apparently in response to an alternative argument of the appellant that the trial court lacked jurisdiction under § 454.973 to "modify" the Oklahoma child support order to extend Marna's age of emancipation because his motion was one to enforce judgment, not to modify child support. Regardless of the characterization of the appellant's motion, the respondent's argument still fails in that, even if the appellant's motion is characterized as a motion to modify,[3] the trial court was prohibited by § 454.973(c) from denying the appellant's motion to emancipate and, thus, in effect, extending his child support obligation beyond that allowed by Oklahoma law.

In failing to sustain the appellant's motion to emancipate Marna and terminate the appellant's child support obligation to the respondent, the trial court erroneously declared and applied the law, requiring us to reverse.

### Conclusion

The judgment of the Circuit Court of Clay County overruling the appellant's motion to emancipate the parties' child, Marna, and terminate his child support obligation is reversed, and the cause is remanded to the court to enter its judgment sustaining the appellant's motion emancipating the child and terminating child support effective July 1, 2001, the date of Marna's eighteenth birthday, and ordering any credits to the appellant's child support account necessitated thereby.

NEWTON, P.J., and ULRICH, J., concur.

---

3. In contending that his motion was a motion to enforce judgment, not to modify, the appellant points out that he was not seeking to vary the terms of the child support order, but was simply carrying his burden of proving emancipation, in accordance with the child support order and Oklahoma law. *See Randolph v. Randolph,* 8 S.W.3d 160, 164 (Mo.App.1999) (holding that emancipation is never presumed, but must be proven).