Debra Ann **GOVONI** f/k/a Baum, Appellant,

v.

Randy **BAUM,** Respondent.

No. ED 84187.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 8, 2005.

Mary Ann Weems, Clayton, MO, for appellant.

James E. Wynne, St. Louis, MO, for respondent.

## *OPINION*

GLENN A. NORTON, Judge.

Debra Baum ("Wife") appeals the judgment dismissing her motion to modify an Illinois child support order and her motion to hold Randy Baum ("Husband") in contempt for failure to comply with that order. We affirm in part and reverse in part.

## I. BACKGROUND

An Illinois court entered a dissolution judgment in which Husband was ordered to pay Wife child support. Wife and the children relocated from Illinois to St. Louis County. Husband has continuously lived in Illinois. Wife registered the child support order with the St. Louis County circuit court and filed, in that court, the instant motions to modify the support order and to hold Husband in contempt for failing to comply with that order. On Husband's motion, the court dismissed both of Wife's motions for lack of subject matter jurisdiction. Wife appeals.

## II. DISCUSSION

■ Jurisdiction is a question of law that we review *de novo*. *Brady v. Brady*, 39 S.W.3d 557, 562 (Mo.App. E.D.2001).

### A. Jurisdiction to Modify the Foreign Support Order

■ Missouri has adopted the Uniform Interstate Family Support Act, under which a Missouri court may modify a foreign child support order registered in this state only if: (i) the child, obligee and obligor do not reside in the state that issued the support order; (ii) the petitioner seeking modification is not a resident of Missouri; and (iii) the respondent is subject to personal jurisdiction in the Missouri circuit court. Section 454.973(a)(1) RSMo 2000.[1] In this case, Husband, the obligor, still resides in the issuing state, Illinois, and Wife, the petitioner, is a resident of Missouri. *See* sections 454.973(a)(1)(i) and (ii). Either of these facts alone deprives Missouri of jurisdiction to modify this Illinois order. *See, e.g., State ex rel. Havlin v. Jamison*, 971 S.W.2d 938, 939–40 (Mo. App. E.D.1998) (where obligor resides in issuing state, Missouri court lacks subject matter jurisdiction to modify and other elements of statute need not be addressed).

Wife does not attempt to argue that the prerequisites to jurisdiction are met. Rather, she contends that under *Kerr v. Kerr*, a Missouri court may modify a foreign support order as long as a court in the issuing state could have. 100 S.W.3d 912, 915 (Mo.App. W.D.2003). But that case dealt with section 454.973(c), which prohibits a Missouri court from modifying any aspect of a foreign support order that could not be modified under the issuing state's law. *Kerr* did not even address the

---

1. In certain circumstances, the parties may consent to having a Missouri court modify a foreign judgment, but that has not occurred here. Section 454.973(a)(2). All statutory references are to RSMo 2000, unless otherwise noted.

prerequisites to jurisdiction set forth in section 454.973(a) and does not support Wife's contention that those requirements are inapplicable here. Moreover, unlike this case, in *Kerr* all of the requirements of section 454.973(a) were met: neither the child, nor the obligee, nor the obligor resided in the issuing state; the petitioner was not a resident of Missouri; and the circuit court had personal jurisdiction over the respondent as she was a Missouri resident. *See id.* at 913. *Kerr* has no bearing on this case.

The trial court properly dismissed the motion to modify the Illinois child support order for lack of subject matter jurisdiction. Point I is denied.

### B. Jurisdiction to Enforce the Foreign Support Order

Wife contends that even if the Missouri court had no jurisdiction to modify the Illinois support order, once it was registered, the order could be enforced by a Missouri court. We agree.

There is no dispute that this Illinois order was registered in Missouri. A Missouri court shall recognize and enforce a registered order if the issuing tribunal had jurisdiction. Section 454.953(c). The registered order "is enforceable in the same manner and is subject to the same procedures as an order issued by a tribunal of this state." Section 454.953(b); *see also* section 454.971 ("A tribunal of this state may enforce a child support order of another state registered for purposes of modification, in the same manner as if the order had been issued by a tribunal of this state, but the registered order may be modified only if the requirements of section 454.973 have been met."). Contempt is one of the expressly authorized means of enforcement. *See* section 454.890(b)(1)-(12) (describing powers of court in proceedings under the Act, including to "(5)

enforce orders by civil or criminal contempt, or both"). Thus, while Missouri must recognize Illinois continuing, exclusive jurisdiction to modify the support order because Husband still resides in Illinois, that order is nevertheless enforceable in Missouri. *See* section 454.867(d); *see also* 750 ILCS 22/205(a); *see also* UNIF. INTERSTATE FAMILY SUPPORT ACT, comment to section 205 (regarding continuing and exclusive jurisdiction) and comment to section 603 (regarding effect of registration for enforcement).

Husband argues that the court lacked personal jurisdiction over him and, therefore, could not enforce the Illinois order against him. Section 454.857 provides that a Missouri court may exercise personal jurisdiction over a nonresident respondent in a proceeding to enforce a support order if "the individual submits to the jurisdiction of this state ... by filing a responsive document having the effect of waiving any contest to personal jurisdiction." Section 454.857(2). Under Rule 55.27(g)(1)(A) (2003), the defense of lack of jurisdiction over the person is waived if it is omitted from a motion raising other threshold defenses or if the defense is neither made by motion nor included in a responsive pleading. Here, Husband raised one threshold defense—lack of subject matter jurisdiction—in his motion to dismiss, but did not challenge the court's personal jurisdiction over him in that motion. Neither Husband's "special entry of appearance"—in which he asserts that his appearance is to "contest the jurisdiction of this Court"— nor the challenge to personal jurisdiction included in a memorandum filed months after the motion are sufficient to preserve the issue where the motion itself did not raise an objection to personal jurisdiction.

Husband submitted to the jurisdiction of this state, and the court had the authority to enforce the registered Illinois child sup-

port order by way of Wife's motion for contempt. The trial court erred by dismissing that motion for lack of subject matter jurisdiction. Point II is granted.

## III. CONCLUSION

To the extent the judgment dismisses the motion for contempt, it is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion. In all other respects, the judgment is affirmed.

CLIFFORD H. AHRENS, J. and NANNETTE A. BAKER, J. concurring.