J-A23029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| YERLIMARIE QUINONES-ROSARIO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALVIN E. ROLON-SANTIAGO | : | No. 262 MDA 2024 |

Appeal from the Order Entered January 22, 2024
In the Court of Common Pleas of Lebanon County Domestic Relations at
No(s):  2023-DR-00219,
PACSES No. 121301922

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY OLSON, J.:                           **FILED DECEMBER 02, 2024**

Appellant, Yerlimarie Quinones-Rosario ("Mother"), appeals from the January 22, 2024 order denying her petition to modify her child support arrangement and, in addition, terminating Alvin E. Rolon-Santiago's ("Father") obligations with respect to the parties' child, J.R.Q. (the "Child").  We vacate and remand.

Mother and Father are the natural parents of the Child, age 19.  On November 29, 2012, a child support order was entered in Puerto Rico.  The order directed Father to, *inter alia*, pay $90.00 bi-weekly to Mother for the Child.  Importantly, the law in Puerto Rico provides that the age of majority or emancipation "begins at the age of [21]" unless certain exceptions apply. ***See*** 31 L.P.R.A. § 971 (age of majority); ***see also*** 31 L.P.R.A. § 901 (kinds of emancipation).  Thereafter, Mother relocated to New Jersey and Father

relocated to Lebanon County, Pennsylvania. Ultimately, following a myriad of events not germane to the issues raised on appeal, on July 19, 2023, the Court of Common Pleas of Lebanon County entered an order registering the November 2012 support order from Puerto Rico.

On July 31, 2023, Mother filed a petition to modify the child support arrangement. The parties appeared before a hearing officer, Rosamond A. Presby, Esquire, on September 7, 2023, to present evidence and testimony regarding Mother's petition to modify. On November 20, 2023, Hearing Officer Presby issued her findings and recommendations. In particular, Hearing Officer Presby recommended that Father pay $651.65 per month to Mother for the Child. Father filed exceptions the next day, claiming that the hearing officer failed to consider the Child's supplemental security income ("SSI").[1]

The trial court convened a hearing on Father's exceptions on January 9, 2024. At the hearing, the trial court questioned "whether support should be paid by a Pennsylvania father to a New Jersey mother based upon [the Uniform Interstate Family Support Act ("UIFSA"), 23 Pa.C.S.A. §§ 7101-7903]." Trial Court Opinion, 3/6/24, at 3. Thereafter, the trial court issued the following order:

> AND NOW, this 19th day of January, 2024, upon consideration of the Exceptions filed by [Father] and after review of the record presented to us, and in accordance with the attached Opinion,

---

[1] Mother testified during the September 7, 2023 hearing that the Child received SII in the amount of $785.00 per month.

- 2 -

the Complaint of [Mother] seeking child support for her 19-year-old son is DENIED.

Lebanon County Domestic Relations Section is directed to calculate all amounts paid by [Father] pursuant to any Temporary Order entered in Lebanon County. This amount is to be forwarded to both [Mother] and [Father]. [Mother] shall reimburse [Father] for the amount calculated within six [] months from today's date.

Trial Court Order, 1/22/24, at 1. This timely appeal followed.

Mother raises the following issues on appeal:

1. Did the trial court err in disregarding the provisions of the UIFSA relating to the duration of the support order?

2. Should the trial court have ruled on an issue waived by failure to include it in the exceptions or brought up *sua sponte* with minimal to no notice to the parties?

Mother's Brief at 2 (unnecessary capitalization omitted).[2]

Both of Mother's appellate issues challenge the trial court's January 22, 2024 order which, in effect, terminated Father's support obligation to the Child.[3] More specifically, Mother claims that Puerto Rico law, not Pennsylvania

_____

[2] We have reordered Mother's issues for ease of discussion and disposition.

[3] In her second appellate issue, Mother argues that the trial court "ruled on a question waived by the parties and not presented by the exceptions at issue." Mother's Brief at 11. Mother points to the fact that, in his exceptions, Father neither challenged his obligation to pay support nor objected to the duration of his support obligation. Instead, Father complained that Hearing Officer Presby failed to consider the SSI payments received by the Child. Mother, therefore, argues that the trial court "decide[d] to raise an issue not presented by the parties on exceptions" and, as such, asks this Court for guidance on the scope of argument under Pa.R.Civ.P. 1910.12(f) and (h), which set forth procedures for adjudicating exceptions lodged after a hearing officer has issued a report. Mother's Brief at 12. The crux of Mother's argument,
*(Footnote Continued Next Page)*

law, dictates the duration of Father's child support obligation. Because Puerto Rico provides that the age of majority is 21 years old, Mother's argues that the trial court "misapprehended the law in purporting to modify the duration of a support order" and, in turn, violated 23 Pa.C.S.A. § 7611(c) of the UIFSA. Mother's Brief at 11.

"We review a trial court's support order for abuse of discretion." **Sheetz v. Sheetz**, 840 A.2d 1000, 1002 (Pa. Super. 2003).

> An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the [trial] court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill[-]will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

**Silver v. Pinskey**, 981 A.2d 284, 291 (Pa. Super. 2009) (*en banc*) (citation omitted).

This Court previously explained:

> Under Article IV, § 1 of the United States Constitution, each state must give "full faith and credit to the . . . judicial proceedings of every other state." This mandate, however, applies only to final orders; therefore, Pennsylvania courts have held that the Full Faith and Credit Clause does not apply to modifiable child support orders. **Schoenfeld v. Marsh**, 614 A.2d 733, 736 (Pa. Super. 1992). Pennsylvania, in conjunction with other states, adopted the [UIFSA], 23 Pa.C.S.[A.] § 7101 *et seq.*, to provide for the interstate enforcement of modifiable

---

however, is that the trial court erred as a matter of law by failing to abide by the terms of Section 7611(c) of the UIFSA which prevents the modification of the duration of a support order by a subsequent court. As such, we will confine our analysis accordingly.

- 4 -

support obligations. ***See Schoenfeld***, 614 A.2d at 736. The Act provides a registration process, which requires that certain documents be sent to the appropriate tribunal in the receiving state. 23 Pa.C.S.[A.] § 7601–7602. Once registered in the Commonwealth, a foreign order may be enforced as if it had been issued here. 23 Pa.C.S.[A.] § 7603. Further, the UIFSA requires that the nonregistering party receive notice of registration, and provides a procedure through which the validity or enforcement of the registered order may be contested. 23 Pa.C.S.[A.] § 7605–7606. The Act also restricts the circumstances under which [a Pennsylvania court] may modify a registered foreign support order. 23 Pa.C.S.[A.] § 7610.

***Clark v. Clark***, 714 A.2d 427, 430 (Pa. Super. 1998) (footnotes and parallel citations omitted).

In particular, Section 7610 states:

A [Pennsylvania court] may enforce a child support order of another state registered for purposes of modification in the same manner as if the order had been issued by a tribunal of this [Commonwealth], but the registered support order may be modified only if the requirements of section 7611 (relating to modification of child support order of another state) or 7613 (relating to jurisdiction to modify child support order of another state when individual parties reside in [Pennsylvania]) have been met.

23 Pa.C.S.A. § 7610.

In addition, Section 7611 further restricts a trial court's ability to modify another state's child support order. It provides, in relevant part, as follows.

**(c) Restriction.--**A [Pennsylvania] tribunal may not modify any aspect of a child support order that may not be modified under the law of the issuing state, *including the duration of the obligation of support*. If two or more tribunals have issued child support orders for the same obligor and child, the order that controls and [which] must be so recognized under section 7207 (relating to determination of controlling child support order)

establishes the aspects of the support order which are not modifiable.

**(c.1) Modification**.--In a proceeding to modify a child support order, *the law of the state that is determined to have issued the initial controlling order governs the duration of the obligation of support*. The obligor's fulfillment of the duty of support established by that order precludes imposition of a further obligation of support by a tribunal of [Pennsylvania].

23 Pa.C.S.A. § 7611(c.1) (emphasis added). Further, the Uniform Law Comment with respect to Section 7611(c) provides, in relevant part:

**Duration of the Child Support Obligation.** Prior to 1993 American case law was thoroughly in chaos over modification of the duration of a child-support obligation when an obligor or obligee moved from one state to another state and the states had different ages for the duration of child support. The existing duration usually was ignored by the issuance of a new order applying local law, which elicited a variety of appellate court opinions. UIFSA (1992) determined that a uniform rule should be proposed, to wit, *duration of the child-support obligation would be fixed by the initial controlling order*.

*Id.* cmt. (emphasis added). The foregoing, as well as case law promulgated by this Court and that of other jurisdictions, establishes that the duration of a support obligation is determined by the law of the state (or territory) in which the child support order was originally issued and, as such, a subsequent court is prohibited from modifying the duration of the initial controlling child-support order. *See Sheetz*, *supra* at 1003-1004 (holding that, under the UIFSA, the trial court was precluded from modifying the duration of a child support order originally issued by a Maryland court); *accord Marshak v. Weser*, 915 A.2d 613 (N.J. Super App. Div. 2007); *C.K. v. J.M.S.*, 931 So. 2d 724 (Ala. Civ. App. 2005); *In re Marriage of Doetzl*, 65 P.3d 539 (Kan. App. 2003); *Kerr*

***v. Kerr***, 100 S.W.3d 912 (Mo. Ct. App. 2003); ***Holbrook v. Cummings***, 750 A.2d 724 (Md. App. 2000).

In terminating Father's support obligation, the trial court set forth the following reasoning:

> The [C]hild who is the subject of this [support] dispute is 19 years of age. The record is devoid of information regarding this [C]hild. We do not know if he is employed. We do not know if he is employable. We do not know if he is disabled and, if so, to what extent his disability affects his ability to function.
>
> It is possible that the [C]hild has the capability of earning income. It is even possible that the [C]hild now earns more than [] [M]other and [F]ather. Without definitive information about the life circumstances of the . . . [C]hild, we are simply not comfortable signing off on a [c]ourt [o]rder that requires [] [F]ather to pay over $600[.00] per month in support.
>
> The Domestic Relations Section (DRS) argues that we should award support for a 19-year-old because the case originated in Puerto Rico. The DRS cites a Puerto Rican statute that declares the age of emancipation in Puerto Rico to be 21. ***See***, Codigo Civil de Puerto Rico § 971; Ley Organica, de la ASUME, 8 L.P.R.A. § 501(24). The DRS cites the case of ***Sheetz***[, ***supra***] for the proposition that this [c]ourt must follow the Rule of Emancipation in Puerto Rico.
>
> We have multiple problems with the argument proffered by the DRS. First and foremost, [Mother] has relocated to the State of New Jersey. [Father] now resides in Pennsylvania. Thus, neither of the parties to this litigation currently resides in Puerto Rico. [Therefore, . .. ] we are being asked to apply the law governing a territory of the United States that has no current connection to anyone involved in this dispute. This is not a legal bridge that we feel comfortable crossing.
>
> ***
>
> This [c]ourt simply will not declare that a Pennsylvania father has a legal duty to support a child with a New Jersey mother

- 7 -

> simply because the parties at one point in time resided in Puerto Rico. We do not believe that [Father] should be treated dramatically different than other residents of Pennsylvania simply because a child support case was opened against him [10] years ago within the Territory of Puerto Rico. We therefore hold that the [hearing officer] erred by requiring [Father] to pay child support in any amount without proof that the child is disabled and unemancipated.

Trial Court Opinion, 1/22/24, at 3-6.

Upon review, we conclude that the trial court erred in terminating Father's support obligation. In November 2012, Puerto Rico, which provides that the age of majority is 21 years old, issued a child-support order pursuant to an agreement between the parties. In accordance with Section 7611(c) and 7611(c.1), the law of Puerto Rico controls the duration of Father's support obligation. As demonstrated by appellate courts in other jurisdictions, this is true even though neither party lives in Puerto Rico, the issuing state. *See Marshak*, *supra* at 615-616 (prohibiting modification of the duration of a child support order originally issued in Pennsylvania even though the parties resided in New Jersey); *C.K.*, *supra*, at 729 (prohibiting modification of the duration of a child support order originally issued in Mississippi even though the parties resided in Louisiana and Alabama); *In re Marriage of Doetzl*, *supra*, at 542 (prohibiting modification of the duration of a child support order originally issued in the state of Missouri even though the parties resided in Kansas). Accordingly, we conclude that, by terminating Father's support obligation, the trial court improperly ignored Section 7611's mandate and, in turn, committed an error of law. We therefore vacate the trial court's January

- 8 -

22, 2024 order and remand for further proceedings consistent with this opinion.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/02/2024